JOSEPH D'AMICO *v.* DEBRA L. JOHNSON ET AL.
(AC 18099)

Foti, Landau and Healey, Js.

---

Argued February 22—officially released June 22, 1999

*John R. Williams*, for the appellant (plaintiff).

*Peter L. Brown*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Richard J. Lynch*, assistant attorney general, for the appellees (defendants).

### Opinion

LANDAU, J. The plaintiff, Joseph D'Amico, appeals from the judgment rendered by the trial court after it granted the defendants' motion to strike. On appeal, the plaintiff claims that, because the allegations of his complaint are sufficient to state a cause of action under 42 U.S.C. § 1983, the trial court improperly granted the defendants' motion to strike. We affirm the judgment of the trial court.

The relevant facts are the allegations of the plaintiff's complaint, which follow. The plaintiff is an adult citizen of the United States residing in Windsor. The defendant Debra L. Johnson, acting in her official capacity, was the acting chief of the application, examinations and licensure section of the division of medical quality assurance of the state department of public health (department). The plaintiff sued Johnson in her individual and official capacities and the commissioner of public health only in her official capacity. At all relevant times, the defendants were acting under color of state law. The plaintiff brought his cause of action pursuant to 42 U.S.C. §§ 1983 and 1988.[1]

The plaintiff, who had been convicted of a serious felony, earned the credits necessary to complete a college degree while he was in prison and was awarded a college degree. He was subsequently accepted by the University of Connecticut School of Social Work, where he received a graduate degree in 1989. Thereafter, he was employed for several years as a social worker at the Shelton Guidance Clinic and, subsequently, was in private practice. Since he was released from prison in 1984, the plaintiff has been neither arrested nor convicted of a crime.

On February 5, 1996, the plaintiff applied to the department for a clinical social worker license. The plaintiff meets the criteria for a license and his application was proper and complete. On April 29, 1996, Johnson denied the plaintiff's application, stating that "the Department is willing to consider further your eligibility for licensure in accordance with a Prelicensure Consent Order [which would] require that you, at your own expense, undergo a psychiatric evaluation by a psychiatrist mutually agreed upon by yourself and the Department [and upon] the conclusion of the evaluation

---

[1] The plaintiff seeks attorney's fees pursuant to § 1988.

regarding your ability to practice safely and competently under the terms and conditions (i.e., periodic performance reports) contemplated in the Prelicensure Consent Order."[2]

The plaintiff alleged that the conditions set forth in the consent order are not authorized by law. Although General Statutes § 19a-14 provides that the department may deny a license to an applicant convicted of a felony, the defendants did not purport to act under the authority of § 19a-14 by resorting to the consent order. The plaintiff alleges that the defendants' actions with respect to the plaintiff concerning the consent order constitute an abuse of discretion under § 19a-14 and that there are no administrative procedures to review the department's decision.

The plaintiff also alleged that the defendants deprived him of his right to equal protection[3] and due process of law as guaranteed by the fourteenth amendment to the United States constitution. The plaintiff claims that, as a result of the defendants' acts and omissions, he has suffered and will continue to suffer economic loss and emotional distress. He seeks compensatory and punitive damages from Johnson and a temporary and permanent injunction against both defendants.

The defendants filed a motion to strike the plaintiff's one count complaint. The trial court granted the motion to strike, ruling that the complaint failed to state either a due process or equal protection cause of action under § 1983. After the trial court rendered judgment on its granting of the motion to strike, the plaintiff appealed. On appeal, the plaintiff claims that the trial court improperly granted the defendants' motion to strike because his complaint states a cause of action under

[2] Paragraph eleven of the complaint apparently quotes the language contained in the letter from Johnson to the plaintiff denying him a license.

[3] The plaintiff is not pursuing his equal protection claim on appeal.

§ 1983 as a result of the defendants' having violated his procedural and substantive due process rights guaranteed by the fourteenth amendment.

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . In an appeal from a judgment granting a motion to strike, we operate in accordance with well established principles. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) *Peter-Michael, Inc.* v. *Sea Shell Associates*, 244 Conn. 269, 270–71, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) *Holler* v. *Buckley Broadcasting Corp.*, 47 Conn. App. 764, 768, 706 A.2d 1379 (1998). " 'Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on the defendants' motions is plenary.' " *Pamela B.* v. *Ment*, 244 Conn. 296, 307, 709 A.2d 1089 (1998).

We begin by examining the allegations of the complaint to determine whether they state a cause of action under § 1983.[4] "[I]n any § 1983 action the initial inquiry

---

[1] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt* v. *Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). Here, the plaintiff has properly alleged that the defendants were acting under color of state law. The question then is whether the defendants' conduct violated any rights, privileges or immunities secured by law, which is a question of law. See *RRI Realty Corp.* v. *Southampton*, 870 F.2d 911, 918 (2d Cir.), cert. denied, 493 U.S. 893, 110 S. Ct. 240, 107 L. Ed. 2d 191 (1989).

The plaintiff alleged that, in denying him a license, the defendants acted arbitrarily in that they did not act under the authority of § 19a-14.[5] The plaintiff concedes

liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress. . . ." 42 U.S.C. § 1983.

[5] General Statutes (Rev. to 1995) § 19a-14 provides in relevant part: "(a) The department of public health and addiction services shall have the following powers and duties with regard to the boards and commissions listed in subsection (b) which are within the department of public health and addiction services. The department shall:

\* \* \*

"(6) Determine the eligibility of all applicants for . . . licensure . . . based upon compliance with the general statutes and administrative regulations. The department *may deny* the eligibility of an applicant . . . for licensure . . . if the department determines that the applicant:

\* \* \*

"(B) Has been found guilty or convicted as a result of an act which constitutes a felony under (i) the laws of this state . . .

\* \* \*

"(10) *Conduct any necessary review*, inspection or investigation regarding qualifications of applicants for licenses . . . .

\* \* \*

"(c) No board shall exist for the following professions which are licensed or otherwise regulated by the department of public health and addiction services:

that the department had the right to deny him a license because he is a felon. The plaintiff's procedural due process argument is that the department waived its discretionary right to deny him a license by issuing the consent order and, therefore, put him on equal footing with applicants who were not felons. Pursuant to the allegations of the complaint, we do not agree that the department waived its right to deny the plaintiff a license. Paragraph eleven of the complaint explicitly alleges, "Johnson denied the plaintiff's . . . application." We acknowledge that paragraph eleven also alleges that the department was willing to consider the plaintiff's application further if he agreed to a prelicensure consent order, but this allegation does not defeat the simple fact that Johnson denied the plaintiff's application.[6] Furthermore, the plaintiff has cited no law to support his waiver argument.

Even if we assume, arguendo, that the department did waive its right to deny the plaintiff a license, the trial court correctly determined that the plaintiff has no property right or entitlement to a license to be a clinical social worker. The analytical framework to determine whether the plaintiff has a property right or

---

\* \* \*

"(8) Certified independent social worker . . . . The department shall assume all powers and duties normally vested with a board in administering regulatory jurisdiction over said professions. . . ." (Emphasis added.)

Public Acts 1996, No. 96-47, effective October 1, 1996, specifically authorized the department to issue a license pursuant to a consent order containing conditions that must be met by the applicant if he or she has been convicted of a felony. See General Statutes § 19a-14 (a) (6) (B).

[6] It appears to us that in light of the plaintiff's educational accomplishments and postincarceration conduct, the department was willing to reconsider the plaintiff's application if he could demonstrate that he was psychologically fit to be a licensed clinical social worker. In doing so, the department anticipated the prelicensure consent order provision that the legislature incorporated in the statute as of October 1, 1996, approximately six months after the plaintiff's application was denied. See footnote 5. In essence, the department was giving the plaintiff a second chance.

entitlement to a license is set forth in *Karan* v. *Adams*, 807 F. Sup. 900 (D. Conn. 1992), in which the United States District Court for the District of Connecticut was called on to determine whether a psychologist licensed by another state had a property right or was entitled to obtain a license to practice in this state, and, therefore, was wrongfully denied the opportunity to sit for a licensing examination.

"The requirements of procedural due process are applicable only where a state deprives a person of a constitutionally protected property or liberty interest. . . . To possess a protectible interest in a benefit 'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.' . . . This rule applies even where the loss suffered is great. '[T]o determine whether due process requirements apply in the first place, we must look not to the "weight" but to the *nature* of the interest at stake.' . . .

"A person possesses a property interest when there are 'such rules or mutually explicit understandings that support his claim to entitlement to the benefit and that he may invoke at a hearing.' . . . The understandings that give rise to a property interest are generally grounded outside the Constitution, most often in state law. . . . Nevertheless, it is federal constitutional law that determines whether a particular property interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." (Citations omitted; emphasis in original.) Id., 908–909.

"A constitutionally cognizable property interest is a prerequisite to the attachment of constitutional procedural and substantive due process rights. *Board of Regents* v. *Roth*, 408 U.S. 564, 576, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). A substantive property interest arises

when 'absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted.' *Yale Auto Parts, Inc.* v. *Johnson*, 758 F.2d 54, 59 (2d Cir. 1985)." *Grimes* v. *Conservation Commission*, 243 Conn. 266, 271–72, 703 A.2d 101 (1997). "The 'strong likelihood' aspect of *Yale Auto Parts* comes into play only when the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured; an entitlement does not arise simply because it is likely that broad discretion will be favorably exercised. Since the entitlement analysis focuses on the degree of official discretion and not on the probability of its favorable exercise, the question of whether an applicant has a property interest will normally be a matter of law for the court." *RRI Realty Corp.* v. *Southampton*, supra, 870 F.2d 918.

"Application of the test must focus primarily on the degree of discretion enjoyed by the issuing authority, not the estimated probability that the authority will act favorably in a particular case." Id. "The fact that the permit could have been denied on non-arbitrary grounds defeats the federal due process claim." Id. Here, the statute provides that the department *may* deny a license to a felon. Courts have determined that the word *may* conveys broad discretion. See *Charry* v. *Hall*, 709 F.2d 139, 144 (2d Cir. 1983). The plaintiff concedes that the department had the right to deny him a license because he was a convicted felon. The plaintiff was, therefore, not denied a property right or entitlement, and we need not apply the procedural due process test of *Mathews* v. *Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

The plaintiff next claims that the department's precensure consent order violates his substantive due process rights because the requested psychological

evaluation constitutes an invasion of his privacy. We do not agree.

"In the context of sensitive public jobs, we have recognized the government's right to condition such employment on psychological evaluation if the employee's psychological fitness has been put in question." *Harrington* v. *Almy*, 977 F.2d 37, 43 (1st Cir. 1992). Substantive due process has been characterized as " 'impos[ing] limits on what a state may do regardless of what procedural protection is provided.' *Pittsley* v. *Warish*, 927 F.2d 3, 6 (1st Cir.), cert. denied, 502 U.S. 879, 112 S. Ct. 226, 116 L. Ed. 2d 183 (1991). To support a substantive due process claim, [the plaintiff] must establish either that the defendant's actions were sufficient to '[shock] the conscience,' id., quoting *Rochin* v. *California*, 342 U.S. 165, 172, 72 S. Ct. 205, 209, 96 L. Ed 183 (1952), or were 'a violation of an identified liberty or property interest protected by the due process clause.' Id. That interest here is the familiar Fourth Amendment right to be free from unwarranted searches or seizures which is protected against state action through the due process clause of the Fourteenth Amendment." *Harrington* v. *Almy*, supra, 43.

"The evolving case law governing unwanted bodily intrusions or manipulations has weighed several relevant considerations. Once it is established that, as here, the state is entitled to the information the bodily intrusion is designed to obtain, the means used will be measured by its reasonableness in light of the need to obtain the evidence in this way. To the degree the procedure would not be considered offensive even by the most delicate and is routine, it will be less likely to involve a constitutional violation." Id., 44.

The plaintiff relies heavily on *Harrington* in support of his argument that a psychological evaluation is overly intrusive and a violation of his fourth and fourteen

amendment rights to privacy. The facts of *Harrington* speak differently. In *Harrington*, the plaintiff police officer was asked to undergo a psychological evaluation in order to be reinstated. The plaintiff agreed to the psychological evaluation assuming he would undergo the routine psychological testing customarily administered to police officers. He refused to participate in the evaluation, however, because it included the "administration of a penile plethysmograph, a procedure whereby [the plaintiff's] sexual profile would be assessed by the placement of a gauge on his penis while he viewed various sexually explicit slides . . . ." Id., 39.

In the case before us, the plaintiff alleges that the department was willing to consider further his application if he agreed to undergo a psychological examination to be conducted by a psychiatrist to whom the plaintiff and the department mutually agreed. Unlike the physical invasion in *Harrington*, there is no allegation that the psychological evaluation will physically invade the plaintiff's body. On its face, the allegations of the plaintiff's complaint do not shock the conscience. See also *Winston* v. *Lee*, 470 U.S. 753, 759, 105 S. Ct. 1611, 84 L. Ed. 2d 662 (1985) (surgical procedure under general anesthetic to remove bullet lodged in chest of armed robbery suspect too intrusive on suspect's privacy interests in absence of compelling need for this particular method of obtaining evidence); *Schmerber* v. *California*, 384 U.S. 757, 760, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966) (reaffirming holding of *Breithaupt* v. *Abram*, 352 U.S. 432, 77 S. Ct. 408, 1 L. Ed. 2d 448 (1957)); *Breithaupt* v. *Abram*, supra, 352 U.S. 435–36 (use of hypodermic needle to extract blood from unconscious accident victim to test for alcohol not offensive); *Rochin* v. *California*, supra, 342 U.S. 172 (pumping suspect's stomach for evidence of illegal drugs possibly ingested shocks conscience).

The purpose of § 19a-14 is to regulate certain professions that provide health services to the public. The power to regulate those professions is vested in the department, which by statute, § 19a-14 (a) (10), has the power to conduct any necessary review or investigation regarding an applicant's qualifications. In the case before us, the plaintiff, by his own admission, has a record of having committed a serious felony. Although it appears that the plaintiff has rehabilitated himself, the department has a justifiable interest in determining whether the plaintiff is psychologically fit to be a licensed clinical social worker. Asking the plaintiff to submit to a psychological evaluation and periodic reports from a psychiatrist acceptable to both him and the department does not shock the conscience as being unreasonably intrusive of the plaintiff's right to privacy. We conclude, therefore, that the trial court properly granted the defendants' motion to strike because the complaint fails to state a cause of action under 42 U.S.C. § 1983 for violation of his fourteenth amendment right to due process.

The judgment is affirmed.

In this opinion the other judges concurred.