[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE #150
The plaintiffs, Robert Finkeldey and Finkeldey, Inc., a waste removal business, have sued the defendant insurance agents, Peter Newcomb and Shari Donovan, alleging breach of contract, common law negligence, common law recklessness and violations of the Connecticut Unfair Trade Practices Act (CUTPA). The plaintiffs claim that the defendants failed to obtain reasonable and adequate insurance coverage for the company's fleet of vehicles and, as a consequence of an accident involving a company truck driven by Mr. Finkeldey, the defendants' actions exposed the plaintiffs to substantial financial losses.
The defendants move to strike the counts sounding in common law recklessness (counts three, seven, eleven and fifteen) and CUTPA (counts four, eight, twelve and sixteen). CT Page 12815
For the reasons stated below, the court grants the defendants' motion to strike counts three, four, seven, eight, eleven, twelve, fifteen and sixteen.
Factual and Procedural Background
Mr. Finkeldey owns and manages Finkeldey, Inc.; the corporation uses both trucks and automobiles in connection with its waste removal business. In November 1995, Mr. Finkeldey and the defendants entered into a contract and/or renewed a contract to purchase liability insurance for the corporation's fleet of vehicles. The defendants obtained through Progressive Casualty, an "insurance-selling" entity, a $50,000 policy for one of the company's vehicles, a 1985 truck.
In April 1996, while driving the truck, Mr. Finkeldey was involved in a fatal accident. The parties settled the resulting lawsuit, Dyson v. Finkeldey however, the insurance policy, with a cap of $50,000, did not cover the total liability assigned to Mr. Finkelday or the corporation.
In a complaint dated January 30, 1997, the plaintiffs seek to hold the defendants responsible for their loss. On March 31, 1999, the defendants filed a motion to strike with the necessary memorandum of law; the plaintiffs then filed an objection and memorandum of law on April 15, 1999.
Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. [W]e operate in accordance with well established principles. . . . [W]e must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael. Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1999).
"A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . Moreover, we note that what is CT Page 12816 necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.)D'Amico v. Johnson, 53 Conn. App. 855, 859, 733 A.2d 869 (1999).
Discussion
The defendants argue that the plaintiffs have failed to allege a legally sufficient cause of action with respect to the counts sounding in common law recklessness and those alleging violations of CUTPA. Specifically, the defendants contend that the facts, as alleged, do not give rise to a claim in common law recklessness or support a statutory cause of action under CUTPA.
The plaintiffs counter that the complaint adequately pleads both claims.
I. Recklessness
Recently, the court in Elliott v. Waterbury, 245 Conn. 385,415, 715 A.2d 27 (1998), concluded that common law recklessness is, for all intents and purposes, indistinguishable from wilful or intentional and malicious conduct. "In order to establish that the defendants' conduct was wanton, reckless, wilful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Brackets in original; citations omitted; internal quotation marks omitted.) Id.
Consequently, a plaintiff must plead sufficient facts to support the reasonable inference that the defendant acted with recklessness. "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must CT Page 12817 recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Citations omitted; internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614-15, 539 A.2d 108
(1988).
"Furthermore, a party may not merely reallege allegations contained in a claim of negligence, but rather must allege additional facts that demonstrate that the defendant's conduct was reckless. Martinez v. Ruffels, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 143078 (June 8, 1995) (Lewis, J.). See also Chromium Process v. Yankee Gas Service, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 038532 (June 23, 1995) (Commerford, J.) (holding that the mere reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature)." (Internal quotation marks omitted.) Perkins v.Colonial Cemeteries, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144646 (February 6, 1996) (Lewis, J.).
In the counts alleging recklessness, the plaintiffs have incorporated the allegations contained in the breach of contract and negligence counts. In addition, the plaintiffs state that the defendants "recklessly and/or wilfully and/or wantonly caused the injuries" in that they:
"a. failed to obtain even slightly adequate insurance coverage for the Plaintiff taking into consideration all pertinent factors including, but not limited to, the risks involved in the Plaintiff's business, the value of the Plaintiff's assets, and the amount of coverage obtained when said Defendant knew or should have known had he not been acting with a reckless and/or wilful and/or want disregard for the just rights of the Plaintiff, that said failure could potentially expose the Plaintiff to significant financial loss.
b. failed to provide even slightly adequate advice to the Plaintiff with respect to obtaining reasonable insurance coverage by neglecting to advise the Plaintiff that the policy's provision for $50,000 in liability coverage was an unreasonable amount taking into consideration all pertinent factors including, but not limited to, those factors listed in subparagraph a, when said Defendant knew or should have known had he not been acting with a CT Page 12818 reckless and/or wilful and/or wanton disregard for the just rights of the Plaintiff, that said failure could potentially expose the Plaintiff to significant financial loss.
c. failed to make even slightly adequate efforts to advise the Plaintiff with respect to obtaining reasonable insurance coverage for reasons, including but not limited, neglecting to reasonably inquire about and reasonably understand the risks involved in the Plaintiff's business, and neglecting to reasonably inquire about and reasonably understand the value of the Plaintiff's assets, when said Defendant knew or should have known had he not been acting with a reckless and/or wilful and/or wanton disregard for the just rights of the Plaintiff, that said failure could potentially expose the Plaintiff to significant financial loss." (Plaintiff's Complaint. ¶ 7, count 3.)
Very simply, even though viewed in the light most favorable to sustaining the counts' legal sufficiency, these largely conclusory statements failed to show or imply that the defendants' actions have the requisite characteristics of "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Elliott v. Waterbury, supra, 245 Conn. 415.
Accordingly, the defendants' motion to strike counts three, seven, eleven, and fifteen is hereby granted.
II. CUTPA
In their claim that the defendants violated CUTPA, the plaintiffs incorporate the allegations contained in their breach of contract counts, the gravamen of which is that the defendants incompetently secured insurance coverage for the plaintiffs. In addition, the CUTPA counts state: "Said Defendant's conduct constitutes an unfair and/or deceptive trade practice as contemplated in Conn. Gen. Stat. §§ 38a-815 et. seq. [Connecticut Unfair Insurance Practices Act (CUIPA)]. This is so in that the Defendants' conduct offends public policy and was immoral and/or unethical and/or oppressive and/or unscrupulous because it cause said Plaintiff to expend money to obtain independent counsel to defend himself in Dyson v. Finkeldey,
et.a., and exposed him to personal liability in said action as a result of its conduct as alleged in the First through Third Counts [breach of contract, negligence, and recklessness, respectively]." (Plaintiffs' Complaint, ¶ 10, count 4.) CT Page 12819
General Statutes § 42-110b(a) states: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." When determining whether an act constitutes a violation of CUTPA, the courts have adopted the following criteria: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]. (Internal quotation marks omitted.) Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 591, 657 A.2d 212 (1995).
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M. Textile Mills, Inc. v. Brown. Jacobson, Tillinghast,Lahan King, P.C., 32 Conn. App. 786, 797, 631 A.2d 340 (1993); cert. denied, 228 Conn. 904, 634 A.2d 296 (1993). Moreover, "[a] plaintiff may not bring a cause of action under CUTPA based on conduct which does not also violate CUIPA where the alleged misconduct is related to the insurance industry. Mead v. Burns,199 Conn. 651, 663-66, 509 A.2d 11 (1986)." Waugh v. NationwideMutual Insurance Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 244235 (January 5, 1995) (Silbert,J.)
The plaintiffs rely on an inferred CUIPA violation as the basis for their CUTPA claim and, although, they conclude that the defendants violated CUIPA, the complaint fails to identify which statutory provision of General Statutes § 38a-816 applies. Nor does the complaint state, with any specificity, facts that demonstrate that the defendants affirmatively engaged in "unfair methods" or "deceptive acts" as defined under CUIPA.
General Statutes § 38a-816 details circumstances that support an allegation that a defendant used an "unfair method of competition or an unfair or deceptive act or practice in the business of insurance." Potential violations of CUIPA include: misrepresentations, false advertising, defamation, boycotts, falsifying financial statements, unfair settlement practices, failure to maintain records, and making false or fraudulent CT Page 12820 statements for the purpose of obtaining a fee or commission.
The plaintiffs' complaint does not allege sufficient facts to support the necessary implication that the defendants materially misrepresented the insurance policy purchased by the plaintiffs nor have the plaintiffs alleged that the defendants made false or fraudulent statements for the purpose of obtaining commissions. The plaintiffs failed to allege sufficient facts to support their underlying claim that the defendants violated CUIPA and, as a necessary corollary, have failed to allege a violation of CUTPA. As pleaded, the complaint fails to show or imply that the defendants purposefully engaged in any deceptive practice or other "immoral, unethical, oppressive, or unscrupulous" conduct necessary to justify invoking the remedial provisions of CUTPA. Rather, the allegations, if proved true, indicate that the defendants failed to exercise reasonable skill, care and diligence in acquiring insurance for the plaintiffs, i.e., malpractice. The court, in other contexts, has held that professional malpractice does not give rise to a CUPTA claim. (See Rumbin v. Baez, 52 Conn. App. 487, 489 ___ A.2d ___ (1999) and cases cited therein.)
Accordingly, because the plaintiffs have failed to plead, with sufficient particularity, facts that place the defendants' behavior within the purview of CUTPA, the defendants' motion to strike counts four, eight, twelve and sixteen is hereby granted.
In light of this finding, the court need not address the parties' arguments regarding whether an otherwise legally sufficient claim based on a single transaction and predicated on General Statutes § 38a-816, but unrelated to the settlement of claims, § 38a-816 (6), gives rise to a cause of action under CUTPA.
Conclusion
For the foregoing reasons the court grants the defendants' motion to strike counts three, seven, eleven and fifteen (common law recklessness) and counts four, eight, twelve and sixteen (CUTPA).
It is so ordered.
By the Court CT Page 12821
Elaine Gordon Superior Court Judge