[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE (#121)
First Special Defense. Granted.
Each and every allegation relates to an act or event which occurred subsequent to the making of the note and mortgage. FNMAv. Malozzi, Superior Court, J. D. Stamford/Norwalk at Stamford No. 165698 (February 10, 1999, Hickey, J.). Even paragraph 13J which implies that the defendant did not get what she bargained for fails to negate the obvious implication that mortgage funds were disbursed for the defendant's benefit which she has failed to repay. What is necessarily implied need not be expressly alleged. D'Amico v. Johnson, 53 Conn. App. 855, 859 (1999). There is no allegation that these funds were not disbursed for her benefit.
Second Special Defense. Granted.
This defense fails to allege the essential elements of fraud.Weisman Trustee v. Kaspar, 233 Conn. 531, 539 (1995).
Third Special Defense. Granted.
Conduct of the lender after execution of the mortgage generally may not be asserted as a special defense in a mortgage foreclosure. Moreover there is no allegation that the defendant has paid the mortgage according to its terms so it is irrelevant to the foreclosure that the full $82,000 may not have been disbursed directly to the defendant. The plaintiff's allegations states, in effect, that whatever has been disbursed, regardless of amount, has not been repaid. The allegations of the special defense do not contest that and are therefore legally insufficient.
Fourth Special Defense. Granted. CT Page 1380
This special defense does not allege any exceptional circumstances which could form the basis for the creation of a fiduciary relationship. Knutson Mortgage Corp. v. Williams,
Superior Court J.D. Fairfield at Bridgeport No. 334486 (September 26, 1997, West, J.).
Fifth Special Defense. Granted.
This special defense fails to contain allegations essential to a CUTPA claim. What is more, the allegations describe events which occurred after the execution of the note and mortgage.
Set-Off Claims. Granted.
Under G. S. § 52-139 a set off must be predicated on mutual debts so that one debt may be set off against the other. None of the counts allege such a factual predicate.
Counterclaim. Granted.
Because none of the special defenses is legally sufficient and because the counterclaim is based wholly upon the same allegations, the counterclaim is likewise is legally insufficient.
BY THE COURT,
Mottolese, Judge