[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Joseph F. Gatt, has filed a complaint against the defendant, Douglas Waterbury, alleging the following. In June 1995, the plaintiff entered into an agreement with Carriage House Publishing, Inc. (Carriage House), a Connecticut corporation, in which the plaintiff agreed to provide Carriage House with the use of up to $300,000 of capital in order for Carriage House to commence and perform its business CT Page 7795 operations. The defendant was the president and chief operating officer of Carriage House. Pursuant to the terms of the agreement, the plaintiff obtained a home equity loan in the amount of $300,000 and executed a note in connection with said loan, dated August 8, 1995. The note was secured by the plaintiffs personal residence. In addition, as a condition precedent to the agreement and the note, the defendant signed a guaranty dated August 8, 1995, in which he agreed to pay the plaintiff fifty percent of the amount due on the note as of the date of his resignation or voluntary withdrawal from his employment at Carriage House, if either event occurred within five years of the agreement.[1]
In August 1998, the defendant terminated his employment with Carriage House. At the time the defendant terminated his employment, the plaintiff had loaned Carriage House $231,303.52, pursuant to the terms and conditions of the agreement. Pursuant to the guaranty, the defendant is responsible for fifty percent of the proceeds that the plaintiff, in accordance with the agreement, provided to Carriage House. Pursuant to the terms and conditions of the agreement and the guaranty, the defendant is also responsible for interest accruing on the outstanding loan proceeds from the time he terminated his employment and any attorney's fees and costs incurred by the plaintiff in enforcing the agreement and/or guaranty.
Despite the plaintiffs demand for payment of the total sum due and owing, the defendant has failed, neglected and refused to make payments as required. As a result, the plaintiff has incurred attorney's fees and legal costs. As of September 10, 1999, the defendant owes the plaintiff, pursuant to the guaranty, the sum of $115,651.76 plus attorney's fees, interest and the costs of collection. The plaintiff seeks damages, interest pursuant to General Statutes § 37a-3, costs, reasonable attorney's fees and such other relief as at law or in equity may apply.
The defendant filed an answer, counterclaim and setoff. The answer admits that: the plaintiff entered into an agreement with the defendant and Carriage House in June 1995; the defendant was the president and chief operating officer of Carriage House; pursuant to the terms of the agreement, the plaintiff obtained a $300,000 home equity line of credit; and the defendant signed a guaranty, agreeing that in the event he resigned or voluntary withdrew his employment with Carriage House within five years of the agreement, he would pay the plaintiff fifty percent of the amount due under the line of credit as of the date of his withdrawal from employment. The counterclaim and setoff allege that pursuant to the terms of the agreement, the home equity line of credit in the amount of $300,000 was to be available to Carriage House for the use and benefit of Carriage House, including the payment of employees' salaries. Furthermore, pursuant to the terms of the agreement, the defendant's CT Page 7796 salary was $7000 per month. From 1995 until the end of his employment, however, the defendant received substantially less than the $7000 per month salary, notwithstanding that he devoted all of his efforts to the business of Carriage House. Hence, the plaintiff has benefitted [benefited] and has been enriched because had the defendant been paid in full in accordance with the agreement, the balance of the plaintiffs line of credit would have increased. The plaintiffs failure to pay the defendant for the benefit the plaintiff has received has been to the defendant's detriment. Accordingly, the defendant seeks money damages, interest, a setoff against any sums due and owing to the plaintiff under the complaint, attorney's fees and such other relief as the court deems appropriate.
The plaintiff moves to strike the counterclaim on the ground that the facts alleged in the counterclaim fail to state a claim upon which relief can be granted. The plaintiff argues that the counterclaim is based on alleged harm to the defendant because the plaintiff loaned only $231,303.52 of the $300,000 available under the agreement. The plaintiff argues that the defendant's allegation that the plaintiff benefitted [benefited] and has been enriched because he did not incur more debt, to the detriment of the defendant, does not state a claim upon which relief can be granted.
The defendant argues that the counterclaim alleges a legally sufficient cause of action under the restitution principles of quantum merit and unjust enrichment because it alleges that the plaintiff received the benefit of the defendant's services without compensating the defendant, after agreeing to do so, to the defendant's detriment. According to the defendant, the counterclaim alleges that pursuant to the June 1995 agreement, under which the parties had mutual obligations, the plaintiff obtained a $300,000 line of credit to pay, among other things, the defendant's salary, yet the defendant received substantially less than his agreed upon salary, even though he devoted all of his efforts to the business. The defendant argues that payment of his full monthly salary would have come from the plaintiffs line of credit, and the defendant not being paid his entire salary constitutes the plaintiffs unjust enrichment to the defendant's detriment, which entitles the defendant to recovery under the counterclaim.
"The purpose of a motion to strike is to contest.., the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the CT Page 7797 legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v. Romano'sAuto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089
(1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) D'Amico v. Johnson,53 Conn. App. 855, 859, 733 A.2d 869 (1999). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra 580. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Lombard v. EdwardJ. Peters, Jr., P.C., 252 Conn. 623, 626, ___ A.2d ___ (2000).
"Unjust enrichment and quantum merit are forms of the equitable remedy of restitution by which a plaintiff may recover the benefit conferred on a defendant in situations where no express contract has been entered into by the parties." Burns v. Koellmer, 11 Conn. App. 375, 385, 527 A.2d 1210
(1987). "An express contract is one in which the terms of the contract are expressed by the direct words of the parties." Id., 388. "[P]arties who have entered into controlling express contracts are bound by such contracts to the exclusion of inconsistent implied contract obligations." (Internal quotation marks omitted.) Rosick v. Equipment Maintenance Service, Inc., 33 Conn. App. 25, 37, 632 A.2d 1134 (1993).[2]
In the present case, the court notes that the exact nature of the counterclaim is unclear. On the one hand, the counterclaim alleges that the defendant is entitled to the restitution principles of quantum merit and unjust enrichment because the plaintiff was unjustly enriched to the detriment of the defendant. On the other hand, the counterclaim sets forth a breach of contract claim in that the defendant alleges that the plaintiff failed to pay to the defendant his full salary pursuant to the terms and conditions of the June 1995 agreement. It appears that the June 1995 agreement is a valid express contract entered into by the plaintiff and the defendant. Moreover, the claims in both the complaint and counterclaim are within the scope of the June 1995 agreement and neither party has alleged that the agreement is unenforceable or otherwise invalid. Hence, the restitution principles of unjust enrichment and quantum merit are not available to the defendant in his counterclaim CT Page 7798 because of the existence of the June 1995 agreement.[3] See Burns v.Koellmer, supra, 11 Conn. App. 385.
The motion to strike the counterclaim is denied, however, notwithstanding that restitution is unavailable to the defendant. The allegations in the counterclaim are sufficient to support a breach of contract cause of action. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Pamela B. v. Ment, supra,244 Conn. 308. Moreover, it appears that the plaintiff has moved to strike the portion of the counterclaim sounding in unjust enrichment and quantum merit. The plaintiff should have filed a request to revise the counterclaim, pursuant to Practice Book § 10-35,[4]
in order to obtain a clearer statement of the allegations in the counterclaim or to obtain separation of these causes of action improperly combined in one count.
Based on the foregoing and construing the facts in the counterclaim most favorably to the defendant, the motion to strike the counterclaim is denied.
So Ordered.
D'ANDREA, J.