[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT NEW FAIRFIELD'S MOTION TO STRIKE COUNT THREE OF THE AMENDED COMPLAINT
The Plaintiff, Brad Bauer, filed an amended complaint on February 28, 2000, against John and Cheryl Colucci, the Town of New Fairfield and the City of Danbury. The four count complaint alleges counts of trespass and nuisance against the Coluccis, a count of nuisance against New Fairfield and a count of nuisance against Danbury. New Fairfield now moves to strike the nuisance claim set forth against it in count three.
The relevant facts alleged in the complaint are as follows. The plaintiff resides at 30 Bear Mountain Road located in New Fairfield, Connecticut. In August of 1997, water from Bear Mountain Road deposited onto the plaintiff's property, thereby creating sinkholes on the property. The drainage of water from Bear Mountain Road has a tendency to create sinkholes on the plaintiff's property, thereby damaging the property and creating a danger to those who walk on the property. The draining of water is a continuing danger and is the proximate cause of the plaintiff's damages. New Fairfield's use of Bear Mountain Road in draining water onto the plaintiff's property is an unreasonable and unlawful use of the road rand interferes with the use and enjoyment by the plaintiff of his property. The plaintiff is asserting the claim of nuisance under General Statutes § 13a-149,[1] the Highway Defect Statute. New Fairfield now moves to strike the nuisance claim against it from the complaint on the ground that the conditions that constituted the nuisance alleged in the complaint were not created by a positive act of the town, and therefore, the complaint fails to allege a claim of nuisance.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) D'Amico v.Johnson, 53 Conn. App. 855, 859, 733 A.2d 869 (1999). "In deciding upon a motion to strike . . . a trial court must take the facts to be those CT Page 1639 alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Sherwood v. DanburyHospital, 252 Conn. 193, 212-13, 746 A.2d 730 (2000).
A common law claim of nuisance consists of four necessary elements: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." Elliott v. Waterbury, 245 Conn. 385,419, 715 A.2d 27 (1998). In addition, when the alleged defendant is a municipality, the plaintiff must allege that the defendants, "by some positive act, intentionally created the conditions alleged to constitute a nuisance." Id., 421; Keeney v. Old Saybrook, 237 Conn. 135, 165-66,676 A.2d 795 (1996). The failure to remedy a dangerous condition not of the municipality's own making is not considered the equivalent of a positive act. Wright v. Brown, 167 Conn. 464, 470, 356 A.2d 176 (1975);Brown v. Branford, 12 Conn. App. 106, 112, 529 A.2d 743 (1987).
The plaintiff simply alleges the core elements of a claim for nuisance. Nowhere in the complaint does the plaintiff allege that a positive act of New Fairfield created the conditions alleged to constitute the nuisance of the sinkholes and the related dangers. The plaintiff asserts in his memorandum that the standard for a claim of nuisance against a municipality is a burden of truth for trial and not a burden required to rebut a motion to strike. The plaintiff misconstrues the intention of many courts that have held that a plaintiff must sufficiently allege that the defendant town has created the nuisance through an intentional positive act and that the issue may be decided on a motion to strike. See Brown v. Branford, supra, 12 Conn. App. 106;LaChance v. City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 148936 (February 29, 2000, Doherty, J.); Kosbob v.Alvarez, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153525 (September 25, 1998, Karazin, J.);Whitfield, PPA v. Town of Enfield, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 572428 (March 10, 1998,Teller, J.).
The plaintiff fails to allege in the complaint a positive act by New Fairfield that created the nuisance. Accordingly, the plaintiff fails to state a claim of nuisance against New Fairfield, and the motion to strike count three is granted. CT Page 1640
White, J.