[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
ON DEFENDANT DANBURY'S MOTION TO STRIKE COUNT FOUR OF THE AMENDED COMPLAINT
The plaintiff, Brad Bauer, filed an amended complaint on February 28, 2000 against John and Cheryl Colucci, the Town of New Fairfield and the City of Danbury. The four count complaint alleges counts of trespass and nuisance against the Coluccis, a count of nuisance against New Fairfield and a count of nuisance against Danbury. Danbury now moves to strike the CT Page 3333 nuisance claim against it set forth in count four of the amended complaint.
The relevant facts alleged in the complaint are as follows. The plaintiff resides at 30 Bear Mountain Road located in New Fairfield, Connecticut.[1] In 1993, Danbury's highway department issued a certificate of completion for a house built by the Coluccis on the property across the road from the plaintiff's property. In August of 1997, water from the Coluccis' property and from Bear Mountain Road deposited onto the plaintiff's property thereby creating sinkholes on the property. The drainage of water from the Coluccis' property and Bear Mountain Road has a tendency to create sinkholes on the plaintiff's property, thereby damaging the property and creating a danger to those who walk on the property. The draining of water is a continuing danger and is the proximate cause of the plaintiff's damages. The complaint alleges that Danbury's use of Bear Mountain Road in draining water onto the plaintiff's property is an unreasonable and unlawful use of the road and interferes with the use and enjoyment by the plaintiff of his property. The plaintiff is asserting the claim of nuisance under General Statutes § 13a-149,[2] the Highway Defect Statute. Danbury now moves to strike the nuisance claim against it from the complaint on the ground that the conditions that constituted the nuisance alleged in the complaint were not created by a positive act of the town and therefore the complaint fails to allege a claim of nuisance.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) D'Amico v.Johnson, 53 Conn. App. 855, 859 (1999). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348 (1990). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Sherwood v. Danbury Hospital, 252 Conn. 193,212-13 (2000).
A common law claim of nuisance consists of four necessary elements: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the CT Page 3334 plaintiffs' injuries and damages." (Internal quotation marks omitted.)Elliot v. Waterbury, 245 Conn. 385, 420, 715 A.2d 27 (1998). In addition, when the alleged defendant is a municipality, the plaintiff must allege that the defendants, "by some positive act, intentionally created the conditions alleged to constitute a nuisance." Id., 421;Keeney v. Town of Old Saybrook, 237 Conn. 135, 165-66, 676 A.2d 795
(1996). The failure to remedy a dangerous condition not of the municipality's own making is not considered the equivalent of a positive act. Wright v. Brown, 167 Conn. 464, 470, 356 A.2d 176 (1975); Brown v.Branford, 12 Conn. App. 106, 112, 529 A.2d 743 (1987).
Danbury argues that the plaintiff fails to allege that Danbury created the condition constituting the nuisance through a positive act of the city. The plaintiff argues that the standard for a claim of nuisance is a standard with the burden of proof for trial and therefore is not a burden required to rebut a motion to strike. The plaintiff clearly misconstrues the intention of many courts that have held that a plaintiff must sufficiently allege that the defendant town has created the nuisance through an intentional positive act and therefore the issue may be decided on a motion to strike. See Brown v. Branford, supra,12 Conn. App. 106; LaChance v. City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 148936 (February 29, 2000,Doherty, J.); Kosbob v. Alvarez, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153525 (September 25, 1998,Karazin, J.); Whitfield, PPA v. Town of Enfield, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 572428 (March 10, 1998, Teller, J.).
The plaintiff further argues that the required positive act by Danbury is the issuance of the certificate of completion to the Coluccis regarding the placement of their home, driveway and final slope of property once the construction was completed. This is a far extension of the law of nuisance. See Elliot v. Waterbury, supra, 245 Conn. 421-22 (no positive act where the condition alleged to constitute a nuisance was hunting on property adjacent to the town's public roadway); Wright v.Brown, supra, 167 Conn. 470-71 (positive act where dog warden quarantined dog, and prior to the expiration of the quarantined period, allowed dog to roam streets); Brown v. Branford, supra, 12 Conn. App. 112 (no positive act where town failed to police and supervise area of town land where plaintiff was injured by acts of third party); Kosbob v. Alvarez,
supra, Superior Court, Docket No. 153525 (no positive act where town failed to chain the entranceway, adequately patrol, adequately light, provide adequate security and post "No Trespassing" signs at the school parking lot where the plaintiff was assaulted); Whitfield, PPA v. Town ofEnfield, supra, Superior Court, Docket No. 572428 (no positive act where the town failed to remedy the unsafe condition of a grass area where the CT Page 3335 plaintiff fell).
The issuance of the certificate of completion can not be reasonably viewed as establishing that Danbury, by some positive act, intentionally
created the conditions alleged to constitute a nuisance to the plaintiff. The conditions constituting a nuisance are set forth in the complaint as water drainage into the plaintiff's property thereby creating sinkholes. It seems impossible that an inspection can create the problems that the property inspected may create. The failure of Danbury to remedy the conditions of the Coluccis' property is not considered a positive act for a nuisance claim. Wright v. Brown, supra, 167 Conn. 470.
Based on the reasoning set forth above, this court holds that the plaintiff has failed to allege in the complaint that Danbury, by some positive act, intentionally created the conditions alleged to have constituted a nuisance. Accordingly, the complaint fails to state a claim of nuisance against Danbury and the motion to strike count four is granted.
White, J.