[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE
The plaintiff, Whitney Talcott, filed this action against the defendants, Robert E. Neilson and Robert B. Neilson d/b/a Neilson 
Company, alleging counts sounding in breach of contract, negligence, misrepresentation, and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
The complaint alleges the following. The plaintiff applied to the defendants for the purposes of procuring a medical insurance policy. In consideration of the plaintiff's promise to pay the required premiums, the defendants orally agreed to issue a medical insurance policy to the plaintiff, with such coverage beginning on the date of that agreement. Although the plaintiff has been, and still is, willing to pay the defendants the premium required for the policy, the defendants have failed to issue the policy.[1] After suffering subsequent medical expenses, the plaintiff submitted a claim to the defendants for payment. The defendants, because they had not issued any insurance policy to her, denied her coverage for her claim. CT Page 6813
The defendants now move to strike the fourth count of the complaint, which sets forth a violation of CUTPA, on the grounds that the plaintiff fails to state a cause of action. Specifically, the defendants argue the CUTPA claim is legally insufficient because the complaint does not allege a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-816 et seq. The defendants argue that the allegations in the complaint of "immoral, oppressive and unscrupulous" actions fail to establish any general business practice of the defendants.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . . A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) D'Amico v. Johnson,53 Conn. App. 855, 859, 733 A.2d 869 (1999). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Sherwood v. DanburyHospital, 252 Conn. 193, 212-13, 746 A.2d 730 (2000).
"A complaint of unfair conduct with regard to providing defense and coverage of an insurance claim is actionable under CUIPA only if a plaintiff alleges and proves that the defendant's conduct constituted a general business practice." (Internal quotation marks omitted.)Kupersmith v. Executive Risk Specialty Ins. Co., Superior Court, judicial district of Waterbury, Complex Litigation Docket, Docket No. X01 CV 00 0160077 (January 26, 2001, Hodgson, J.). The Supreme Court has stated that "a CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with such frequency as to indicate a general business practice. In so holding, we observed that a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein, and that the definition of unacceptable insurer conduct in § 38a-816 (6) reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." (Brackets omitted; internal quotation marks omitted.) Lees v. Middlesex Ins. Co., 229 Conn. 842, 850-51, CT Page 6814643 A.2d 1282 (1994);[2] see also Mead v. Burns, 199 Conn. 651,663-666, 509 A.2d 11 (1986).
The plaintiff argues that because the complaint does not allege an unfair insurance settlement practice and the only relation to insurance between the parties is the fact that the contract was for insurance, these holdings are distinguishable from this case. The court is not persuaded by this argument. Simply stated, the plaintiff alleges she has a medical insurance policy with the defendants and the defendants have failed to pay a claim under the policy. The gravamen of the plaintiff's CUTPA claim is that the defendants failed to settle her sole medical insurance claim and, thus, the court finds that she is required to allege a CUIPA violation in order to sufficiently plead a CUTPA violation.
The complaint is devoid of allegations that indicate a general business practice of denying claims based upon the non-issuance of a policy. As stated in Lees, isolated instances of unfair insurance settlement practices will not sustain a CUIPA claim. Lees v. MiddlesexIns. Co., supra, 229 Conn. 849. Further, "[t]he court may not presume that . . . [the defendants treat] other similarly situated insureds the same." Webster Bank v. Travelers Casualty Surety Co., Superior Court, judicial district of New Britain, Docket No. 476078 (April 30, 1999,Graham, J.) (24 Conn.L.Rptr. 530, 534).
For the above reasons, the court concludes that the plaintiff has failed to allege a sufficient CUTPA claim. Accordingly, the defendants' motion to strike count four of the complaint is granted.[3]
Holden, J.