[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE (#124)
I. FACTS:
CT Page 9201
This case concerns the defendants' counterclaim for indemnity against the plaintiff. Cheryl DeRosa, the plaintiff, leased her single-family home from the defendants, Charles and Gloria Renna. (Complaint, First Count, ¶¶ 3-4.)
On January 17, 1999, the plaintiff injured herself on the walkway of the home's main entrance when she slipped on ice and snow that had accumulated there. (Complaint, First Count, ¶ 5.) She alleges that the defendants were negligent in that they failed to: maintain the condition of the steps of the entranceway in a safe condition, place hand rails on the entranceway, install storm gutters and clear away the snow and ice. (Complaint, First Count, ¶ 6.)
The plaintiff filed her one-count complaint on November 23, 1999. On July 3, 2000, the defendants filed a one-count counterclaim seeking indemnification from the plaintiff. On May 4, 2001, the plaintiff filed a motion to strike the counterclaim.
II. DISCUSSION:
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted." Bennett v. Connecticut Hospice,Inc., 56 Conn. App. 134, 136, 741 A.2d 349 (1999), cert. denied,252 Conn. 938, 747 A.2d 2 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) D'Amico v. Johnson, 53 Conn. App. 855, 859, 733 A.2d 855
(1999). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Bell v. Board ofEducation, 55 Conn. App. 400, 404, 739 A.2d 321 (1999).
The plaintiff contends that the counterclaim is insufficient as a matter of law because "it is inappropriate for the defendants in a personal injury action to seek indemnification from the plaintiff rather than a third party." (Plaintiff's Motion to Strike, p. 1.) "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 411,207 A.2d 732 (1965). We have also consistently held that, if a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence' of the party against whom reimbursement is sought." Burkert v. Petrol Plusof Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990). CT Page 9202
The counterclaim alleges that the plaintiff negligently failed to clear the ice and snow herself and that her injuries were caused by her own negligence. Accordingly, the counterclaim is grounded in tort.
Indemnity grounded in tort "requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiffs, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Internal quotation marks omitted.) Id. The defendants fail to allege the first prong of the test because the plaintiff is not a tortfeasor.
"Ordinarily there is no right of indemnity or contribution betweenjoint tortfeasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between `active or primary negligence,' and `passive or secondary negligence.' . . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Citations omitted; emphasis added, internal quotation marks omitted.) Kyrtatas v.Stop Shop, Inc., 205 Conn. 694, 697-98, 535 A.2d 357 (1988).
"`[J]oint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property. . . ." General Statutes § 52-572e. A plaintiff cannot be held jointly and severally liable for an injury upon herself.
Moreover, the indemnification "doctrine arose in response to the common law prohibition against contribution, and applies only in situations in which a passive joint tortfeasor has no actual responsibility for a tort." Kyratas v. Stop Shop, Inc., supra, 205 Conn. 700. The plaintiff's complaint alleges the defendants' active negligence. Indemnification is not proper for an active joint tortfeasor.
Accordingly, because the plaintiff is not a joint tortfeasor and the defendants are alleged active tortfeasors, the plaintiff cannot indemnify them. It would improperly enlarge common law indemnity to allow the defendants to seek indemnity from the plaintiff.
III. CONCLUSION
CT Page 9203
For the reasons herein stated, this court finds that the defendants cannot seek indemnity from the plaintiff. Accordingly, the defendants' counterclaim does not state a claim upon which relief can be granted and the court therefore grants the motion to strike the counterclaim.
It is so ordered.
By the court
GILARDI, J.