[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Linda Simon filed a revised complaint against Debra and Stephen Senger alleging the following. She leased a premises from the defendants under a lease agreement dated July 30, 1999. Pursuant to the lease, the plaintiff paid the defendants a security deposit of $2600. The plaintiff vacated the premises on January 31, 2000, and requested the return of the security deposit, which the defendants refused to return. The plaintiff alleges in count three that the defendants violated the Connecticut Unfair Trade Practices Act (CUTPA) by failing to place the security deposit in an interest bearing account and refusing to return the deposit. The defendants now move to strike the CUTPA claim set forth in count three. The motion to strike is unopposed by the plaintiff.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) D'Amico v. Johnson,53 Conn. App. 855, 859 (1999). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) CT Page 10215Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348 (1990). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Sherwood v. Danbury Hospital, 252 Conn. 193,212-13 (2000). The defendants argue and the court agrees that the defendants' alleged conduct does not rise to the level of unscrupulous, oppressive or immoral conduct necessary for a CUTPA claim.
"A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [plaintiff] must show substantial aggravating circumstances attending the breach to recover under the Act. . . ." EmleeEquipment Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,580 (1991), rev'd on other grounds, 31 Conn. App. 455 (1993). "Moreover, a simple contract breach is not sufficient to establish a violation of CUTPA . . . where a count simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." (Brackets omitted.) Derrig v. ThomasRegional Directory Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 583548 (June 22, 1999, Peck, J.). In the present case, the plaintiff has alleged nothing more than a simple breach of a leasing contract. Furthermore, § 47a-21(d)(2) of the General Statutes governs the return of a security deposit to a tenant and creates double liability for a landlord that fails to return the deposit or accrued interest. Accordingly, the defendants' unopposed motion to strike count three is granted.
Moraghan, J.T.R.