WILLIAM F. BENNETT *v.* CONNECTICUT
HOSPICE, INC.
(AC 18765)

Schaller, Spear and Spallone, Js.

Argued June 1—officially released December 21, 1999

*William F. Bennett*, pro se, the appellant (plaintiff).

*Jody Benbow*, with whom, on the brief, were *Glenn A. Duhl* and *John M. Simon*, for the appellee (defendant).

*Opinion*

SPALLONE, J. The plaintiff, William F. Bennett, appearing pro se, appeals from the judgment of the trial court rendered after the motion to strike filed by the

defendant, Connecticut Hospice, Inc., was granted as to all seven counts of the plaintiff's complaint. We affirm the judgment of the trial court.

The following facts and procedural history are necessary to a proper resolution of this appeal. In his amended complaint, dated June 24, 1997, the plaintiff alleged five counts of negligence, one count of invasion of privacy and one count under 42 U.S.C. § 1983 claiming the violation of his free exercise of religion.

The defendant filed a motion to strike all seven counts of the revised complaint, claiming that each count failed to state a claim on which relief could be granted. On July 28, 1998, after oral argument, the trial court granted the motion to strike all seven counts of the complaint. On August 7, 1998, pursuant to Practice Book § 10-44, the court rendered judgment in favor of the defendant.

The plaintiff's twenty-nine year old daughter entered the defendant institution on March 28, 1994, where she died on April 8, 1994. On March 30, 1994, nine days prior to her death, the plaintiff's daughter was taken by her mother, the plaintiff's former wife, to an attorney's office for consultation with regard to a letter of intent in which the daughter requested that she be cremated. The letter of intent was executed by the plaintiff's daughter on April 7, 1994.[1]

Counts one through five of the plaintiff's revised complaint allege negligent conduct by the defendant. Specifically, the plaintiff alleges that the defendant violated General Statutes § 17a-687[2] by requiring him to leave

---

[1] The plaintiff brought a prior action alleging malpractice against the attorney who drafted the letter of intent. The trial court rendered judgment for the defendant attorney, and, on appeal, this court, in a per curiam decision, affirmed the trial court judgment. *Bennett* v. *Gibson*, 47 Conn. App. 916, 702 A.2d 670 (1997), cert. denied, 243 Conn. 969, 707 A.2d 1269 (1998).

[2] General Statutes § 17a-687 (a) provides: "Subject to reasonable rules regarding hours of visitation which the Commissioner of Mental Health and Addiction Services may adopt, patients in any treatment facility or hospital shall be granted opportunities for adequate consultation with counsel, and

his daughter's room during a visit, by failing to inform him of the arranged meeting with the attorney and by detaining him at the reception desk and preventing him from communicating with his family following his daughter's death. The plaintiff also alleges that the defendant denied his daughter a "homelike atmosphere" in violation of General Statutes § 19a-122b by permitting his former wife to remove their daughter from the facilities to visit the attorney when their daughter did not want to consult the attorney, and that the defendant failed to prevent his daughter from executing the letter of intent and failed to advise his daughter or him about the state statutes regarding wills and cremation. Counts six and seven, respectively, of the plaintiff's revised complaint allege that the defendant invaded his privacy by unreasonably intruding into the private affairs of his family, and that the defendant infringed on his constitutional right to the free exercise of religion in violation of 42 U.S.C. § 1983 because he is religiously opposed to the cremation of any family member. The defendant filed its motion to strike all seven counts of the plaintiff's complaint.

The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted. Practice Book § 10-39. The motion admits all facts that are well pleaded; *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 108, 491 A.2d 368 (1985); but does not admit legal conclusions or the truth or accuracy of opinions. *Maloney* v. *Conroy*, 208 Conn. 392, 394, 545 A.2d 1059 (1988). On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim on which relief could be granted. Practice Book § 10-39 (a). A motion to strike is properly granted if the complaint alleges mere conclu-

for continuing contact with family and friends consistent with an effective treatment program."

sions of law that are not supported by the facts alleged. *Novametrix Medical Systems, Inc.* v. *BOC Group, Inc.*, 224 Conn. 210, 215, 618 A.2d 25 (1992).

"In an appeal from a judgment granting a motion to strike, we operate in accordance with well established rules. Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on the [defendant's motion] is plenary. . . . [W]e take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Citation omitted; internal quotation marks omitted.) *Pamela B.* v. *Ment*, 244 Conn. 296, 307–308, 709 A.2d 1089 (1998).

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 384, 650 A.2d 153 (1994). "Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." *Dean* v. *Hershowitz*, 119 Conn. 398, 407–408, 177 A. 262 (1935). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." *Coburn* v. *Lenox Homes, Inc.*, 186 Conn. 370, 375, 441 A.2d 620 (1982). What duty the defendant had, if any, is a question of law. *Nolan* v. *New York, N.H. & H. R. Co.*, 53 Conn. 461, 471, 4 A. 106 (1885). The issue of whether the defendant owed the plaintiff a duty of care is an appropriate one for a motion to strike because the question embodies a matter of law to be decided by the court. *Gordon* v. *Bridgeport Housing Authority*, 208 Conn. 161, 171, 544 A.2d 1185 (1988).

Our plenary review of the plaintiff's claims of negligence, including an examination of the amended complaint, the record and briefs, and with due regard to oral arguments, reveals that the trial court properly struck the five counts sounding in negligence for failure to state legally sufficient claims of negligence. The plaintiff failed, in each count, to allege sufficient facts establishing that the defendant had a duty of care to the plaintiff that was breached.

The plaintiff's sixth count, claiming an invasion of privacy, was properly stricken because it fails to allege conduct that would be highly offensive to a reasonable person. See *Perkins* v. *Freedom of Information Commission*, 228 Conn. 158, 172–73, 635 A.2d 783 (1993).

The plaintiff's seventh count, alleging that the defendant infringed on his constitutional right to the free exercise of religion, was properly stricken. The choice made by the plaintiff's daughter to have her remains cremated was of her own volition, as indicated by her letter of intent. She was not under any legal impairment to act on her own behalf, no surrogate had been appointed to act in her stead and, as far as the record indicates, she was legally competent to execute her letter of intent free from the imposition of the wishes of other family members as to her funeral arrangements. Nothing in the record indicates otherwise.

Whatever the defendant did or did not do in the furtherance of the daughter's wishes to be cremated in no way can be construed as acting under the control or encouragement of the state. See 42 U.S.C. § 1983; *Leeds* v. *Meltz*, 85 F.3d 51, 54 (2d Cir. 1996); *Schlein* v. *Milford Hospital, Inc.*, 561 F.2d 427, 428 (2d Cir. 1977).

The trial court acted reasonably, properly and in accordance with applicable law in striking the plaintiff's complaint in its entirety.

The judgment is affirmed.

In this opinion the other judges concurred.