[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #113.5
The plaintiff, NY-CONN Corporation, a Connecticut corporation in the business of electrical contracting, brings this action against the defendant, Southbury Diagnostic Imaging Center, LLC, a Connecticut limited liability company in the business of providing medical imaging services. The complaint arises from a dispute over compensation allegedly due the plaintiff for electrical services it performed at the defendant's medical imaging facility. The plaintiff's amended complaint, filed May 9, 2000, sets out eight counts, alleging breach of contract, breach of an implied covenant of good faith and fair dealing, unjust enrichment, quantum meruit, detrimental reliance, a violation of CUTPA, General Statutes § 42-110a at seq., recklessness, and an action on a bond, General Statutes § 49-37. On June 5, 2000, the defendant filed a motion to strike count six, which purports to set forth a CUTPA claim, on the ground that it fails to allege facts sufficient to state a claim under CUTPA.
Pursuant to Practice Book § 10-42, the defendant has filed a memorandum in support of its motion to strike. The plaintiff, as required by Practice Book § 10-42, has also filed a timely memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 553 (1998). A motion to strike "admits all facts that are well pleaded . . . but does not admit legal conclusions or the truth or accuracy of opinions." (Citation omitted.) Bennett v. ConnecticutHospice, Inc., 56 Conn. App. 134, 136, 741 A.2d 349, cert. denied,252 Conn. 938, 747 A.2d 2 (2000). In ruling on a motion to strike, the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, supra, 244 Conn. 270. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
CT Page 12967 The defendant argues that the plaintiff's CUTPA claim, set out in count six of the amended complaint, should be stricken because the plaintiff has failed to allege that the improvement of commercial properties is the defendant's "trade" or "commerce" or that the defendant's acceptance of the plaintiff's services constituted "trade" or "commerce" within the meaning of CUTPA. The plaintiff disagrees and asserts that nothing in the plain language of CUTPA requires that the defendant's activities occur while the defendant is engaged in its primary trade or business. The plaintiff further asserts that, because it has alleged facts supporting that it had a business relationship with the defendant and that the defendant's alleged misconduct arose out of that relationship, it has sufficiently alleged a CUTPA violation.
Because the plaintiff has failed to allege facts necessary to meet CUTPA's requirement that the defendant's acts or omissions occur within the context of the "trade or commerce" in which the defendant is primarily engaged, and not merely incidental thereto, it has not asserted a CUTPA violation. CUTPA provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). While CUTPA was intended to be remedial in nature and liberally construed in favor of those whom the legislature intended to benefit, the act was not meant to protect any person or business that happened to be harmed.Jackson v. R. G. Whipple, Inc., 225 Conn. 705, 725-26, 627 A.2d 374
(1993); see also Connecticut Water Company v. Thomaston, Superior Court, judicial district of Hartford at Hartford, Docket No. 535590 (April 24, 1997, Corradino, J.). The purpose of CUTPA is to protect consumers from unfair or deceptive acts or practices, and competitors and other business people from unfair competition. Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480, 496-98, 656 A.2d 1009 (1995). Thus, "[t]he focus of the statute is . . . not on unscrupulous behavior by businessmen in every aspect of their business lives, but on those specific types of unscrupulous behavior that takes place in, and adversely affect others who take part in, the particular trade or commerce in which the defendant is engaged." Phillips Industrial Service Corp. v. Connecticut Light Power Co., Superior Court, judicial district of Waterbury, Docket No. 099665 (June 18, 1999, Sheldon, J.) (24 Conn.L.Rptr. 641, 643).
Further, in order to maintain a CUTPA claim, the activities of the defendant that allegedly violate CUTPA must fall within "trade" or "commerce," as those terms have been defined by the statute and Interpreted by the courts, bearing in mind the legislative policy CUTPA was designed to implement. See Larsen Chelsey Realty Co. v. Larsen,
supra, 232 Conn. 496-98; see also Jackson v. R. G. Whipple, Inc., supra,225 Conn. 725-26. General Statutes § 42-110a (4) provides: "`Trade' and `commerce' means the advertising, the sale or rent or lease, the CT Page 12968 offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."
Although the Connecticut Supreme Court has not yet ruled on the issue, the state and federal cases that have interpreted the "trade or commerce" provision of CUTPA have held that an unfair or deceptive act or practice by a business person does not occur "in the conduct of trade or commerce" unless it occurs in his primary trade or business; it is not applicable to wrongful conduct that is incidental to the defendant's primary business activity. See Brandewiede v. Emery Worldwide, 890 F. Sup. 79
(D.Conn. 1994), aff'd, 66 F.3d 308 (2d Cir. 1995); see also Barnes v.General Electric Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529354 (July 25, 1995, Hennessey, J.) (14 Conn.L.Rptr. 455, 460-61). Moreover, a business' act of procuring outside services to maintain or improve its business property does not constitute the conduct of "trade or commerce" for purposes of CUTPA. SeePhillips Industrial Service Corp. v. Connecticut Light Power Co.,
supra, 24 Conn.L.Rptr. 642-43.
Accordingly, the court finds that because the plaintiff has failed to allege that the defendant committed an unfair or deceptive act in the advertising, selling, leasing or distribution of any good or service to the plaintiff, the defendant's motion to strike is granted.
So ordered. October 24, 2000.
BY THE COURT
PETER EMMETT WIESE, J.