[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #115 
Because counts one through six all arise out of the same subject of action, they are properly joined in the same complaint pursuant to Practice Book §§ 10-21(7) and 10-22. Further, because Connecticut practice allows parties to assert claims that are contingent upon the favorable disposition of another claim, a determination by the court as to whether the plaintiff is entitled to underinsured motorist coverage is not a prerequisite to maintaining causes of action that arise from the insured's conduct in handling such claims. Moreover, because counts two through six adequately allege facts that if proven would entitle the plaintiffs to relief, counts two through six sufficiently state claims upon which relief can be granted.
This case arises from a dispute over a claim for underinsured motorist insurance coverage. On March 22, 2000, the plaintiffs, William D. Carameta and his wife, Susan Carameta, filed a two count complaint against the defendant, Allstate Insurance Company (Allstate), their insurer. On May 16, 2000, the plaintiffs filed an amended six count complaint. The last count of the amended complaint is entitled "Fifth CT Page 450 Count, " however, it is in fact the sixth count and will be referred to as such in this memorandum because there are five counts preceding the "Fifth Count."
In count one, William D. Carameta (Carameta), alleges that on or about June 13, 1998, at approximately 11:52 a.m., he was traveling westbound on North Street, a public highway located in Danbury, when his vehicle was struck by a vehicle owned by Steven P. Wolfe and operated by Angela Wolfe. Carameta alleges that he sustained serious injuries as a direct result of the collision, which collision was due to the negligence, carelessness, and recklessness of Angela Wolfe. Carameta further alleges that he exhausted the insurance coverage applicable to the ownership and operation of the Wolfe vehicle and that it has been inadequate to pay for his damages. The Wolfe policy contained liability limits of $20,000 per person and $40,000 per accident. Carameta alleges that at the time of the collision he was insured under a policy issued by Allstate and that pursuant to the underinsured motorist provisions of that policy, Allstate is legally obligated to pay damages for his injuries. Carameta further alleges that Allstate has breached its contract of insurance because it has refused to pay damages for his injuries.
In count two, Carameta alleges that Allstate breached the covenant of good faith and fair dealing in processing and handling his claims for underinsured motorist benefits. In count three, Carameta alleges that Allstate negligently processed and handled his claims. In count four, Carameta alleges that Allstate engaged in conduct which violates the Connecticut Unfair "Insurance Practices Act (CUIPA), specifically General Statutes § 38a-816 (15), and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In count five, Carameta alleges that Allstate's attempt to coerce him into reducing his settlement demands constitutes an intentional infliction of emotional distress, which was designed to cause, and which did cause, him to suffer extreme emotional distress. In count six, which incorporates paragraphs one through fourteen of count one, Susan Carameta alleges that she has lost the consortium of her husband due to the injuries he suffered in the collision.
On August 25, 2000, Allstate moved to strike counts two through six on the ground that they are misjoined with count one. Allstate also moved to strike counts two through six on the ground that they fail to state claims upon which relief may be granted. Allstate filed a memorandum in support of its motion to strike and the Carametas filed a memorandum in opposition.
A motion to strike is proper "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or CT Page 451 any one or more counts thereof, to state a claim upon which relief can be granted, or . . . (4) the joining of two or more causes of action which cannot properly be united in one complaint. . . ." Practice Book §10-39. The motion to strike "admits all facts that are well pleaded . . . but does not admit legal conclusions or the truth or accuracy of opinions." (Citation omitted.) Bennett v. Connecticut Hospice, Inc.,56 Conn. App. 134, 136, 741 A.2d 349, cert. denied, 252 Conn. 938,747 A.2d 2 (2000). In ruling on a motion to strike, the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael, Inc. v.Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "Moreover. [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) D'Amico v. Johnson,53 Conn. App. 855, 859, 733 A.2d 869 (1999).
Allstate contends that counts two through six allege causes of action that are not properly joined with count one because they arise from different transactions and give rise to different obligations. Allstate argues that because counts two through six are tort claims and count one is a contract claim, counts two through six do not arise out of the same transaction or transactions as count one and are therefore misjoined. Allstate also contends that the Carametas have included counts two through six in their complaint merely to prejudice and confuse jurors.
Alternatively, Allstate argues that counts two through six fail to state claims upon which relief can be granted. Allstate asserts that Carameta's claims for bad faith, negligent handling of claims, CUTPA and CUIPA, intentional infliction of emotional distress, and loss of consortium are legally insufficient because they are premature. Allstate argues that the Carametas cannot have a cause of action for these claims until the court first determines whether Carameta is entitled to underinsured motorist coverage benefits.
The Carametas disagree. They argue that counts two through six are properly joined and are legally sufficient. They refer to recent decisions that have rejected arguments similar to those advanced by Allstate in this case, that the tort claims are premature, on nearly identical facts. Further, the Carametas contend that Connecticut law does not require a claimant to establish a tortfeasor's liability before a claimant may maintain a cause of action against an insurer arising from the insurer's conduct in handling underinsured motorist claims. CT Page 452
Trial courts are vested with discretion in addressing issues of joinder; however, they should always consider the interests of judicial economy and practicality in applying the joinder rules. Frank v.Iacovino, Superior Court, judicial district of Danbury, Docket No. 322358 (March 6, 1996, Moraghan, J.). "[A] liberal construction of the joinder rules enables the parties to settle all their controversies in a single action . . . and furthers the general policy of our law which favors as far as possible the litigation of related controversies in one action." Id.
Practice Book § 10-21 allows for joinder of causes of action and describes the circumstances under which joinder is appropriate. It provides in pertinent part: "In any civil action the plaintiff may include in the complaint both legal and equitable rights and causes of action . . . but, if several causes of action are united in the same complaint, they shall all be brought to recover . . . upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." Practice Book § 10-21(7). Practice Book § 10-22
provides that: "Transactions connected with the same subject of action within the meaning of subdivision (7) of Section 10-21, may include any transactions which grew out of the subject matter in regard to which the controversy has arisen; as for instance, the failure of a bailee to use the goods bailed for the purpose agreed, also an injury to them by his or her fault or neglect. . . . ." See alsoKhanthavong v. Allstate Insurance Co., Superior Court, judicial district of Fairfield, Docket No. 324502, (December 3, 1996, Levin, J.) (18 Conn.L.Rptr. 304, 307)
Connecticut law does not require a claimant who seeks underinsured motorist benefits to obtain a judgment against the underinsured motorist before he may bring related causes of action against his own insurer.Palmer v. Allstate Indemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 365117 (January 27, 2000, Skolnick,J.) (26 Conn.L.Rptr. 342); Smith v. Allstate Indemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 354137 (November 30, 1999, Melville, J.); Jones v. Safeco Ins. Co. of Illinois, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 357614 (April 28, 1999, Melville, J.); Hennessey v. The TravelersProperty Cas., Superior Court, judicial district of Danbury, Docket No. 332786 (April 14, 1999, Moraghan, J.) (24 Conn.L.Rptr. 368); Serranov. Allstate Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336691 (April 17, 1999, Skolnick, J.) (21 Conn.L.Rptr. 689); Khanthavong v. Allstate Insurance Co., supra, 18 CT Page453 Conn.L.Rptr. 304; but see Wiacek v. Safeco Insurance Company ofAmerica, Superior Court, judicial district of Danbury, Docket No. 329601 (March 31, 1998, Radcliffe, J.) (tangential claims are premature where the insurer's responsibility to make payments under the policy is yet to be determined and is unliquidated)
"[T]he determination of liability and tangential claims for bad faith, intentional infliction of emotional distress, CUTPA violations, and negligence are properly brought in concert with one another." Palmer v.Allstate Indemnity Co., supra, 26 Conn.L.Rptr. 343. Connecticut requires that "[e]ach automobile insurance policy shall provide . . . uninsured and underinsured motorist coverage . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured . . . and underinsured motor vehicles General Statutes § 38a-336(a)(1). "While in many cases legal liability may have to be determined by a judge or Jury, our practice permits a party to assert a claim which is contingent on the disposition of another claim. [Thus] there is no existing reason in our substantive or procedural law that would require a victim of a breach of a contractual covenant of good faith and fair dealing or a CUTPA/CUIPA violation, after establishing an underlying breach of contract following years of litigation, to institute a new law suit and be delayed additional years to be made whole." (Internal quotation marks omitted.)Khanthavong v. Allstate Insurance Co., supra, 18 Conn.L.Rptr. 308.
The court finds that counts two through six are properly joined with count one because they are all connected with, or grow out of, the same subject of action, Carameta's car accident and subsequent claim for underinsured motorist benefits. Further, the joinder of these claims serves the interests of judicial economy and this state's policy of litigating related issues together. Frank v. Iacovino, supra, Superior Court, Docket No. 322358. Additionally, counts two through five are not premature because Connecticut law does not require a claimant to prove the liability of an underinsured motorist before he may bring a cause of action against an insurer for bad faith, negligence, CUTPA and CUIPA, intentional infliction of emotional distress, and loss of consortium based on the insurer's conduct in processing or settling underinsured motorist claims. Palmer v. Allstate Indemnity Co., supra,26 Conn.L.Rptr. 343. Therefore, the defendant's motion to strike on the grounds that counts two through six are improperly joined and premature is denied.
Allstate also moves to strike counts four through six on the ground that, in each of these counts, the Carametas fail to allege facts which state a claim upon which relief can be granted. The plaintiff argues that these counts allege facts that, when taken as true, adequately state CT Page 454 claims upon which relief may be granted. Counts four, five, and six will be addressed individually.
Allstate claims that count four, the CUTPA and CUIPA claim, fails to state a cause of action upon which relief can be granted because claims of unfair insurance settlement practices require the plaintiff to show multiple acts of misconduct and Carameta has failed to allege more than a single act of insurer misconduct. Carameta argues that he is not required to allege multiple acts of misconduct to sustain a claim under §38a-816 (15).
General Statutes § 38a-816 (6) provides that unfair claim settlement practices are those that are committed "with such frequency to indicate a general business practice." Section 38a-816 (15) provides that it is an unfair insurance practice to fail "to pay accident and health claims . . . within forty-five days. . . ." A CUTPA claim based on an alleged violation of § 38a-816 (6) of CUIPA requires by its terms that the unfair practice be committed with such frequency as to constitute a general business practice. Section 38a-816 (15), however, contains no such requirement. Braca v. Cigna Insurance Company, Superior Court, judicial district of Fairfield at Fairfield, Docket No. 333159 (March 26, 1999, Melville, J.) (24 Conn.L.Rptr. 316, 317). Accordingly, there is no need for a plaintiff to allege multiple acts of misconduct; one incident of misconduct is sufficient to state a claim under § 38a-816 (15). Palmer v. Allstate Indemnity Co., supra,24 Conn.L.Rptr. 344. In Carameta's complaint, paragraph eighteen of count four specifically alleges that Allstate violated § 38a-816 (15). The court finds that Carameta sufficiently alleged facts which would support a claim upon which relief may be granted and, therefore, Allstate's motion to strike count four is denied.
Next, Allstate claims that count five, the intentional infliction of emotional distress claim, fails to state a claim upon which relief can be granted because, under its contract of insurance with the Carametas, it is only obligated to pay for bodily injuries caused by negligent tortious acts; it has no contractual duty to pay for intentional tortious acts. Carameta counters with the argument that he has alleged facts that state a claim for intentional infliction of emotional distress.
Allstate misconstrues Carameta's claim. Count five does not allege that Allstate breached a contractual duty; rather, it is Allstate's alleged conduct in processing Carameta's claim which is the gravamen of count five. "The tort of intentional infliction of emotional distress does not require that the tortfeasor breach any duty to the claimant; rather, it is the tortfeasor's intentional conduct that is the basis for the claim." (Emphasis added.) Banatoski v. Sheridan, Superior Court, judicial CT Page 455 district of New Britain, Docket No. 483809 (September 17, 1998, Leheny,J.) (23 Conn.L.Rptr. 344, 347); see also Peytan v. Ellis, 200 Conn. 243,253, 510 A.2d 1337 (1986).
To maintain a cause of action for intentional infliction of emotional distress, the complaint must contain facts from which the court can conclude that: (1) that the actor intended to inflict emotional distress, or that he knew or should have known that emotional distress was likely to occur from his conduct; (2) that the actor's conduct was extreme and outrageous; (3) that his conduct was the cause of the plaintiff's distress; and (4) that the plaintiff's emotional distress was severe. Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 712,746 A.2d 184 (2000). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) DeLaurentis v. New Haven, 220 Conn. 225, 267, 597 A.2d 807
(1991). "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy . . . these elements is a question, in the first instance, for [the] court." (Internal quotation marks omitted.)Ancona v. Manafort Bros., Inc., supra, 56 Conn. App. 712. At least one Superior Court decision has found that allegations that an insurer purposely withheld payment on a claim for more than a year are legally sufficient to withstand a motion to strike for failure to state a claim upon which relief may be granted. See Palmer v. Allstate Indemnity Co., supra, 25 Conn.L.Rptr. 344.
In count five, Carameta alleges that, in its attempts to coerce Carameta into accepting a reduced settlement, Allstate engaged in extreme and outrageous conduct which was designed to cause, and which did cause, Carameta to suffer extreme emotional distress. Specifically, Carameta alleges that Allstate "failed to tender any payment for plaintiff's loss as covered by the insurance policy in a timely manner when the defendant knew . . . that the plaintiff was entitled to compensation. . . ." (Complaint, ¶ 15(b).) The court finds that, when taken as true, as they must be on a motion to strike, these allegations, that Allstate has deliberately withheld payment for an extended period of time, are for the moment sufficient to state a claim upon which relief may be granted. Accordingly, the motion to strike count five is denied.
Finally, although Allstate concedes that loss of consortium is a claim that should be recoverable in an uninsured-underinsured motorist context, it asserts that count six, Susan Carameta's loss of consortium claim, does not state a claim upon which relief can be granted because it is brought against Allstate rather than the tortfeasor, Angela Wolfe. Allstate claims that its alleged negligence in handling Carameta's claim CT Page 456 for underinsured motorist benefits cannot be the basis for loss of consortium action against Allstate. The Carametas, on the other hand, argue that count six is based on the alleged negligence of Wolfe, rather than Allstate's alleged negligence in handling the underinsured motorist claims. They claim that the phrase, "the defendant," contained in count six, was intended to refer to the driver, Angela Wolfe, rather than the defendant insurance company, Allstate.
In assessing the sufficiency of the allegations of a complaint, "[t]he modern trend is to read pleadings broadly and realistically, rather than narrowly and technically." DeMartin v. Yale-New Haven Hospital,4 Conn. App. 387, 390, 494 A.2d 1222, cert. denied, 197 Conn. 813,499 A.2d 62 (1985). As previously stated, "[w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Knight v. F.L. Roberts Co., Inc., 241 Conn. 466,470-71, 696 A.2d 1249 (1997). "As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party . . . [the court] will not conclude that the complaint is insufficient to allow recovery." (Internal quotation marks omitted.) Parsons v. United Technologies Corp.,243 Conn. 66, 83, 700 A.2d 655 (1997).
Count six of the Carameta's complaint incorporates paragraphs one through fourteen of count one, which allege, inter alia, that Carameta sustained injuries caused by Wolfe's negligent operation of her vehicle. It also sets out an additional paragraph, which provides that "Susan Carameta . . . has lost the consortium of her husband by reason of the injuries negligently inflicted upon him by the Defendant . . . which have caused and will cause her loss and damage." (Emphasis added.) (Amended Complaint, ¶ 15.).
The court finds that it may properly be inferred from the facts alleged in count six that Susan Carameta is alleging that she lost the consortium of her husband due to the negligence of Wolfe and, accordingly, she is seeking compensation from Allstate pursuant to its policy provision for underinsured motorist benefits. Therefore, Allstate's motion to strike count six for failure to state a claim upon which relief may be granted, is denied.
In conclusion, Allstate's motion to strike counts two through six on the grounds that they are improperly joined, premature, and fail to state claims upon which relief may be granted, is denied.
GROGINS, J.