[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#109)
 I FACTS
The present case arises out of the psychological counseling provided by CT Page 777 the defendant, Janice Levine. It is alleged that Janice Levine is the executive director of the Coping Center, Inc. Additionally, the plaintiff, Jean Holt, alleges that, from June 1993 to July 1998, Janice Levine provided counseling to the plaintiff for her marriage difficulties as well as for an eating disorder.
On May 31, 2000, the plaintiff filed a seven count complaint against the defendants, Janice Levine and her husband, Dr. Herbert Levine. On October 2, 2000, the plaintiff amended her complaint. The defendants brought a motion to strike on October 16, 2000. The plaintiff timely filed her objection to the motion to strike on December 8, 2000.
The plaintiff alleges defamation against both defendants in the first count of her revised complaint. In the second count, she alleges malicious prosecution against both defendants. The third count of the revised complaint alleges abuse of process against both defendants. The plaintiffs fourth count alleges intentional infliction of emotional distress against both defendants. The fifth count alleges professional malpractice against Janice Levine. In her sixth count, the plaintiff alleges a breach of fiduciary obligation by Janice Levine. Finally, the plaintiffs seventh count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., against Janice Levine.
 II DISCUSSION
The defendants' motion to strike states that the "Fifth, Sixth and Seventh Counts should be stricken because the plaintiff has failed to attach a good faith certificate, as required by Connecticut General Statutes § 52-190a." The defendants also argue that the sixth count should be subject to the motion to strike because the plaintiff has failed to sufficiently allege facts that support an allegation of breach of a fiduciary duty. Finally, the defendants argue that the plaintiff has not alleged an entrepreneurial or business aspect in order to sustain an allegation of a CUTPA violation.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted." Bennett v. Connecticut Hospice,Inc., 56 Conn. App. 134, 136, 741 A.2d 349 (1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) D'Amico v. Johnson, 53 Conn. App. 855, 859,733 A.2d 869 (1999). "If facts provable in the complaint would support a CT Page 778 cause of action, the motion to strike must be denied." Bell v. Board ofEducation, 55 Conn. App. 400, 404, 739 A.2d 321 (1999).
 A
General Statutes § 52-190a provides in pertinent part: "No civil action shall be filed to recover damages resulting from personal injury or wrongful death . . . in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." The certificate must be appended to the initial complaint or pleading. General Statutes § 52-190a. The defendants argue that because the plaintiff is claiming malpractice against Janice Levine, a registered nurse, the statute requires her to complete and file such a good faith certificate. Her failure to file this certificate, the defendants argue, makes the fifth, sixth and seventh counts of her complaint vulnerable to a motion to strike.[1]
The plaintiff argues, however, that she does not need to file a good faith certificate because Janice Levine is not considered a health care provider, as defined by § 52-190a. Section 52-190a does not define "health care provider." The Connecticut Supreme Court has found that the definition of health care provider under General Statutes § 52-184b
shall apply to § 52-190a.[2] Bruttomesso v. NortheasternConnecticut Sexual Assault Crisis Services, Inc., 242 Conn. 1, 9,698 A.2d 795 (1997). Section 52-184b defines "health care provider" as any person, corporation, facility or institution licensed by this state to provide health care or professional services.
The defendants argue that because the plaintiff alleges that Janice Levine was a registered nurse, that a counselor-patient relationship existed and that Janice Levine deviated from the standard of care, the plaintiff is alleging a medical malpractice cause of action and she must, therefore, provide a good faith certificate. It is true that the plaintiff alleges all of these facts. This court finds, however, that the allegations for the malpractice cause of action in this case do not require a good faith certificate.
In Bruttomesso v. Northeastern Connecticut Sexual Assault CrisisServices, Inc., supra, 242 Conn. 1, the plaintiff had brought a cause of action against a rape crisis center. The court stated that "[a]lthough we agree with the trial court that a rape crisis center is not a health care provider as envisioned by § 52-190a, we do so not because a rape crisis center does not provide medical services, but because it is not CT Page 779licensed by the state to provide the professional services it does offer." (Emphasis added.) Id. The court explained that § 52-184b, and, thus, § 52-190a, requires that the statute only apply when the defendant in the case receives a license from the department of public health. Id., 13-14.
It is true that Janice Levine is alleged to be a Registered Nurse; (Revised Complaint, Fifth Count, ¶ 3); and a Registered Nurse receives a license from the department of public health. General Statutes § 20-93. The plaintiff however, forms her malpractice claim based upon Mrs. Levine's psychological counseling, not upon any nursing duties.
The complaint states that "Mrs. Levine is a registered nurse who worked as a psychological counselor." (Emphasis added.) (Revised Complaint, Fifth Count, ¶ 3). The complaint then alleges that "[t]he standard of care required of Mrs. Levine as Ms. Holt's counselor required that she, among other things: (a) maintain appropriate boundaries; and (b) honestly present her qualifications." (Emphasis added.) (Revised Complaint, Fifth Count, ¶ 9). Finally, the complaint alleges that Mrs. Levine counseled the plaintiff for "marital problems and bulimia despite the fact that she was never licensed or qualified to do so." (Revised Complaint, Fifth Count, ¶ 10(e)).
It is true that the fifth count sounds in malpractice. Malpractice actions need not be confined, however, only to those licensed to practice a professional skill. "[P]rofessional negligence or malpractice . . . [has been] defined as the failure of one rendering professional services to exercise the degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession." (Internal quotation marks omitted.)Santopietro v. City of New Haven, 239 Conn. 207, 226, 682 A.2d 106
(1996). Additionally, "[p]roffesional persons in general, and those whoundertake any work calling for special skill, are required not only to exercise reasonable care in what they do, but also to possess a standard minimum of special knowledge and ability." (Emphasis added.) W. Prosser 
W. Keeton, Torts § 32, p. 185 (5th Ed. 1984). Finally, malpractice actions have also been brought against those with occupations not requiring a license. See, e.g., Santopietro v. City of New Haven, supra,239 Conn. 226 (Bringing a malpractice action against a baseball game umpire).
It is of no moment that Janice Levine was a registered nurse or that the cause of action against her is for malpractice. For § 52-190a to apply, a defendant must have a valid license from the department of public health. Accordingly, this court cannot grant the motion to strike the fifth, sixth and seventh counts on the basis that the plaintiff failed to CT Page 780 file a good faith certificate.
 B
In their motion to strike, the defendants argue that the plaintiff has not alleged sufficient facts to support an allegation that Janice Levine breached a fiduciary obligation to the plaintiff. "Professional negligence alone . . . does not give rise automatically to a claim for breach of fiduciary duty. . . . [A] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. (Internal quotation marks omitted.) Konover Development Corp. v. Zeller,228 Conn. 206, 219, 635 A.2d 798 (1994). Professional negligence implicates a duty of care, while breach of a fiduciary duty implicates a duty of loyalty and honesty." (Internal quotation marks omitted.) BeverlyHills Concepts, Inc. v. Schatz and Schatz, Ribicoff and Kotkin,247 Conn. 48, 56-57, 717 A.2d 724 (1998).
In her complaint, the plaintiff alleges the same facts in her sixth count, sounding in breach of fiduciary duty, that she alleges in her fifth complaint which alleges malpractice. Because a claim for malpractice is not always a claim for breach of fiduciary duty, this court must now decide whether the facts that the plaintiff has alleged for her malpractice claim may also support a claim of breach of fiduciary duty.
"Rather than attempt to define a fiduciary relationship in precise detail and in such a manner to exclude new situations, [the Connecticut Supreme Court has] instead chosen to leave the bars down for situations in which there is a justifiable trust confided on one side and a resulting . . . influence on the other." (Internal quotation marks omitted.) Elm City Cheese Co. v. Federico, 251 Conn. 59, 99, 752 A.2d 1037
(1999). Despite this lack of definition, several superior courts have found that a physician-patient type relationship creates a fiduciary relationship. Starratt v. Spencer, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 140926 (November 30, 1995,Tobin, J.), citing superior court decisions that find that a doctor-patient relationship is a fiduciary relationship.
The plaintiff has alleged a physician-patient type relationship. (Revised Complaint, Sixth Count, ¶ 8). Moreover, the facts alleged also indicate a relationship "characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." The plaintiff alleges that Janice Levine counseled her regarding CT Page 781 her marital difficulties and her eating disorder. (Revised Complaint, Sixth Count, ¶ 10(e)). In numerous allegations, the plaintiff also alleges that Mrs. Levine misrepresented her qualifications. (Revised Complaint, Sixth Count, ¶¶ 10(a), (b), (f)).
If the alleged facts of counseling coupled with misrepresentation of qualifications were proven true, such facts would support a cause of action for breach of fiduciary obligation. As one being counseled, the plaintiff would have put her trust in one who had some training but misrepresented the amount of training she truly possessed. Also, Janice Levine's role as a nurse would instill her with the superior knowledge required to create a fiduciary relationship. If proven, the alleged misrepresentations would violate the relationship of trust and confidence. Accordingly, this court cannot grant the motion to strike the sixth count because the plaintiff has alleged sufficient facts to sustain an allegation of breach of fiduciary obligation.
 C
In their motion to strike, the defendants also argue that the plaintiff has not alleged sufficient facts to sustain a violation of CUTPA.[3]
"[T]he touchstone for a legally sufficient CUTPA claim against a health care provider is an allegation that an entrepreneurial or business aspect of the provision of services aside from medical competence is implicated, or aside from medical malpractice based on the adequacy of staffing, training, equipment or support personnel. Medical malpractice claims recast as CUTPA claims cannot form the basis for a CUTPA violation." Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 38,699 A.2d 964 (1997).
In order to implicate an entrepreneurial or business aspect, the plaintiff alleges that "[t]he wrongful conduct of Mrs. Levine in misrepresenting her qualifications and level of training and education implicated an entrepreneurial or business aspect of the provision of psychological services aside from professional competence, in that it was directly related to her efforts to market her practice to the general public." (Revised Complaint, Seventh Count, ¶ 13.)
In Haynes, the Connecticut Supreme Court held that every healthcare provider represents that it meets the "applicable standards of competency." Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 39. That case, however, also hinged upon the fact that neither party disputed that the healthcare provider was properly licensed and did not misrepresent that fact. Id., 38-39. In the present case, the plaintiff alleges that Janice Levine misrepresented her certification as a clinical nurse specialist on the letterhead of the Coping Center, Inc. (Revised CT Page 782 Complaint, Seventh Count, ¶ 10(b).) Accordingly, this court finds that the plaintiff has alleged sufficient facts for a violation of CUTPA because she alleges a public misrepresentation of the Janice Levine's qualifications.
 III CONCLUSION
For the reasons herein stated, this court finds that the defendants' motion to strike the fifth, sixth and seventh counts for professional malpractice, breach of fiduciary obligation and a violation of CUTPA ought to be and hereby is denied.
It is so ordered.
 By the court
GILARDI, J.