[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #102
This case presents the interesting issue of whether the insurance company of homeowner plaintiffs, victims of a fire, can not only seek money damages from a fire alarm company for allegedly negligent installation of an alarm system at the residence, but seek a mandatory injunction under General Statutes § 42-110g (d), the Connecticut Unfair Trade Practices Act (CUTPA), ordering that the defendant alarm company inspect the homes of other customers not yet victims of fires.
On August 8, 2000, the plaintiffs, David and Paulette Kessler, and State Farm Fire and Casualty Co., filed a seven count complaint alleging fraud, a violation of CUTPA, bad faith, gross negligence and reckless and wanton conduct, breach of contract and negligence, and seeking injunctive relief under CUTPA The plaintiffs' claims arise from a fire at the Kesslers' home on August 26, 1998. The plaintiffs allege their fire alarm and security system was incorrectly installed by the defendant and was thus of no help when a fire occurred. The alarm company has filed a motion to strike the third count of the complaint and the first prayer for relief, each of which seek injunctive relief under CUTPA. If granted, the injunction would order that the alarm company conduct inspections on a sufficient sample of its customers' homes to determine the extent of similar problems with their fire and security systems and require the company to repair any such problems.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim upon which relief could be granted." Bennett v. ConnecticutHospice, Inc., 56 Conn. App. 134, 136, 741 A.2d 349 (1999), cert. denied, 252 Conn. 938, 747 A.2d 2 (2000), citing Practice Book §10-39(a).
The defendant argues that the plaintiffs fail to allege that they have suffered an irreparable harm or that they have an inadequate remedy at law and thus their request for injunctive relief is legally insufficient. These grounds are an adequate statement of common law
CT Page 1830-y requirements for injunctive relief.
But, the plaintiffs argue, correctly, that allegations of irreparable harm are unnecessary in a claim based upon a statutory cause of action.Dept. of Transportation v. Pacitti, 43 Conn. App. 52, 58, 682 A.2d 136, cert. denied, 239 Conn. 937, 684 A.2d 707 (1996). Instead, the plaintiffs must allege that they have suffered an ascertainable loss, which is the "threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief." (Internal quotation marks omitted.) Service Road Corp. v. Quinn,241 Conn. 630, 638, 698 A.2d 258 (1997). "An ascertainable loss is a deprivation, detriment or injury that is capable of being discovered, observed or established." (Brackets omitted; internal quotation marks omitted.) Id. The plaintiffs must allege "that they suffered an ascertainable loss of money or property as the result of the [defendant's] actions." (Emphasis added.) Id., 639. However, "under CUTPA, there is no need to allege or prove the amount of the ascertainable loss." (Brackets omitted; emphasis added.) Beverly HillsConcepts, Inc. v. Schatz and Schatz, Ribicoff Kotkin, 247 Conn. 48,79, 717 A.2d 724 (1998).
In count three, plaintiff State Farm alleges that it has suffered an "ascertainable loss." The facts proffered in ostensible support of this conclusion, however, are all related to the single Kessler home fire and there is no allegation that this carrier has suffered damage or loss as a result of the alarm company's actions or omissions at the homes of other customers insured by the carrier. "Injunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it or where it would be incompatible with the equities of the case. . . .The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted." (Citations omitted.) Karls v. Alexandra Realty Corp.,179 Conn. 390, 402, 426 A.2d 784 (1980). In their claim for an injunction, State Farm seeks to discover whether or not problems even exist in the systems located in other customers' homes. Because it fails to allege an ascertainable loss resulting from the defendant's actions at these homes, the motion to strike count three of the complaint is granted.[1]
The Court
By Nadeau, J.