[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 108)
Before the court is the defendant's motion to strike the plaintiff's claims for compulsory defamation and violation of rights to free speech. Oliver Lay, the plaintiff, was an employee of Stamford Emergency Medical Services, Inc., the defendant. (Complaint, Count One, ¶ 3.)[1] The plaintiff alleges that on March 9, 1992, the defendant "abruptly and without warning" fired him. (Complaint, Count One, ¶ 5.) The plaintiff alleges that the defendant was motivated to terminate his employment because he "exercised his rights of free speech concerning management" and attempted to form a labor union. (Complaint, Count Four, ¶ 6; Count Five, ¶ 6.)
On September 1, 1998, the plaintiff brought a five count complaint against the defendant. In the complaint, the plaintiff alleges claims of breach of implied contract (first count) violation of the implied CT Page 7676 covenant of good faith and fair dealing (second count), compulsory self-defamation (third count), a violation of the plaintiff's free speech rights (fourth count), and a violation of public policy expressed in General Statutes § 31-90 (fifth count).
On February 8, 2001, the defendant filed a motion to strike the third and fourth counts, alleging self-defamation and a violation of the plaintiff's free speech rights, respectively. On February 22, 2001, the plaintiff filed his opposition to the motion to strike. The court heard argument on the motion on March 12, 2001.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted. . . . A motion to strike admits all facts that are well pleaded . . . but does not admit legal conclusions or the truth or accuracy of opinions. . . . On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim on which relief could be granted. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are not supported by the facts alleged." (Citations omitted.) Bennett v. Connecticut Hospice, Inc.,56 Conn. App. 134, 136-37, 741 A.2d 349 (1999), cert. denied,252 Conn. 938, 747 A.2d 2 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000).
Whether the plaintiff has properly pleaded self-defamation
"Neither the Supreme Court nor the Appellate Court of this state has recognized a cause of action for self-defamation." Grynkiewicz v. FreightLiner of Hartford, Superior Court, judicial district of New Britain, Docket No. 497586 (January 12, 2000, Aurigemma, J.) See also, Gaudio v.Griffin Health Services Corp., 249 Conn. 523, 544-45 n. 23, 733 A.2d 197
(1999).
"To prevail on a common-law defamation claim, a plaintiff must prove that the defendant published false statements about her that caused pecuniary harm." Daley v. Aetna Life Casualty Co., 249 Conn. 766, 795,734 A.2d 112. "In order to be defamatory a false statement must be communicated to [someone] other than the plaintiff. Generally, there is no publication where the defendant communicates the slanderous statement directly to the plaintiff who then communicates it to a third party.Spain v. Blue Cross Blue Shield of Connecticut, [Superior Court, judicial district of New Haven at New Haven, Docket No. 249522 (March 9, 1987,Flanagan, J.) (2 C.S.C.R. 424)]. Some Connecticut lower courts have CT Page 7677 recognized a narrow exception to this rule known as the doctrine of `self publication'. See e.g., Gaudio v. Griffin Health Services, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 035730 (December 19, 1991, Sequino, J.); Lusky v. Ashford, [Superior Court, judicial district of Tolland at Rockville, Docket No. 40406 (June 28, 1989, Mack, J.) (4 C.S.C.R. 573)]. In Spain v. Blue Cross Blue Shield ofConnecticut, the court found that under this exception the requirement of publication is satisfied where the plaintiff is compelled to publish a slanderous statement to a third party if it was reasonably foreseeable to the defendant that the plaintiff would be compelled to do so." (Internal quotation marks omitted.) Grynkiewicz v. Freight Liner of Hartford, supra, Superior Court, Docket No. 497586.
In count three of the complaint, the plaintiff incorporates the first five paragraphs of count one, in which he merely alleges that he worked for the defendant and that the defendant summarily fired him. In the sixth and final paragraph of count three the plaintiff states "[t]he actions of the defendant created a situation where the plaintiff had a compulsory self-defamation." Nowhere in the complaint does the plaintiff allege that the defendant made a false statement about him, as he is required to do to state a claim for self-defamation. Neville v.Collaborative Laboratory, Superior Court, judicial district of Hartford at Hartford, Docket No. 593599 (April 18, 2000, Fineberg, J.) Furthermore, the plaintiff does not allege that he was compelled to publish a defamatory statement to a third party. Accordingly, the defendant's motion to strike count three of the complaint is granted.
Whether the plaintiff has properly alleged a violation of his freespeech rights.
In count four of his complaint, the plaintiff alleges that the defendant fired him because he "exercised his rights of free speech concerning management." (Complaint, Count Four, ¶ 6.) The plaintiff alleges that this action violated his rights under the United States and Connecticut constitutions, and General Statutes § 31-51q.[2]
"[The right to free speech] traditionally has content only in relation to state action — the state must be neutral as to all expression, and must not unreasonably restrain speech or expression. The right is to be free of state regulation, so that all private speech is formally on equal footing as a legal matter. (Emphasis in original.) Cotto v. UnitedTechnologies Corp., 251 Conn. 1, 31, 738 A.2d 623 (1999) (dissent in part, Borden, J.), quoting Redgrave v. Boston Symphony Orchestra, Inc.,855 F.2d 888, 890 (1st Cir. 1988), cert. denied, 448 U.S. 1043,109 S.Ct. 869,102 L.Ed.2d 993 (1989). Therefore, private actors, such as the defendant in this case, cannot violate the first amendment of the United CT Page 7678 States Constitution or article first, § 4, of the constitution of Connecticut.[3]
Section 31-51q, however, provides protection to employees when a private employer infringes on their free speech rights. Cotto v. UnitedTechnologies Corp., supra, 251 Conn. 16. ("Section 31-51q extends protection of rights of free speech under the federal and state constitutions to employees in the private workplace.") "[The] conclusion that § 31-51q includes protection for free speech rights under some circumstances does not mean that it does so under all circumstances. [A court] must decide whether, on the facts as alleged in his complaint, the plaintiff has stated a cause of action under the statute." Id.
In count four of the complaint, the plaintiff alleges that he was exercising his right to speak concerning management and that he was terminated for doing so. "Section 31-51q applies to some activities and speech that occur at the workplace. . . . Section 31-51q protects only that activity guaranteed safe from private employer interference by either certain sections of our constitution or by the federal constitution. If the rights exercised by the employee do not fall into the specified constitutional category, the statute cannot apply. Not all speech is guaranteed to be `free.'" (Internal quotation marks omitted.)Emerick v. Kuhn, 52 Conn. App. 724, 743, 737 A.2d 456, cert. denied,249 Conn. 929, 738 A.2d 653 (1999).
"To be protected by the first amendment, the speech must be on a matter of public concern, and the employee's interest in expressing himself on this matter must not be outweighed by any injury the speech could cause to employee relationships. Waters v. Churchill, 511 U.S. 661, 668,114 S.Ct. 1878, 128 L.Ed.2d 686 (1994). Restrictions on employee-employer speech are more justified than restrictions on the speech of the public at large. Id., 672. . . . Because the plaintiff's allegations concern the expression of his opinions as to perceived wrongdoing on the part of upper management . . . it is a matter between him and his employer and, thus, is not protected speech." (Citation omitted; internal quotation marks omitted.) Id., 743-44.
Here, the plaintiff alleges that his expression concerned "management." It would appear that because the alleged speech is a matter between the plaintiff and his employer, that the plaintiff has not alleged protected speech. "[T]he statute provides a cause of action only against discharge for expressions of opinion that do not substantially or materially interfere with the employee's job performance or the working relationship between the employee and the employer. . . . The statute applies only to expressions regarding public concerns that are motivated by an employee's desire to speak out as a citizen." (Internal quotation marks omitted.) CT Page 7679Cotto v. United Technologies Corp., supra, 251 Conn. 17. Since the plaintiff does not allege protected speech, he has not properly alleged a violation of his free speech rights. Therefore, the defendant's motion to strike count four of the complaint is granted.
 CONCLUSION
The motion of the defendant to strike counts three and four of the complaint is granted. By failing to allege a defamatory statement or publication of such a statement, the plaintiff has not properly alleged self-defamation in count three. By not alleging protected speech, the plaintiff cannot prevail on his claim that the defendant violated his free speech rights.
SKOLNICK, J.