[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Yale New Haven Hospital files a motion to strike the plaintiffs complaint on the grounds that a claim for negligent infliction of emotional distress cannot be brought by family of a patient against a medical care provider. Before argument on this motion, the plaintiffs amended the operative complaint[1] against which the motion was directed. Both parties agree that the defendant's motion may be addressed to the amended complaint. The plaintiffs, following the amendment of the pleading, filed a memorandum in opposition to the motion, arguing that they had now alleged sufficient facts to support a claim against the defendant, vicariously, for acts of its employee.
The plaintiffs allege in their amended complaint that Annette Samuelowitz, a licensed social worker, owed a duty to the plaintiffs, as family of an emergency room patient, to provide social services and related assistance and advice. Amended Complaint, paragraphs 3 and 4. Specifically, the Amended Complaint alleges:
 3. "On or about November 3, 1999, Annette Samuelowitz's professional duties and responsibilities at Yale New Haven Hospital included, among other things, offering and providing `social services' and related assistance and advice to certain Hospital patients and their families and relatives.
 4. On or about November 3, 1999, Annette Samuelowitz's professional duties and responsibilities at Yale New Haven Hospital included offering and providing `social services' and related assistance and advice to the plaintiffs herein."
The defendant relies on its Memorandum in support of its motion to strike and its Reply to Plaintiffs' Memorandum in Opposition. In those memoranda, the defendant argues that there can be no cause of action by a relative of a patient for medical malpractice or emotional distress as a result of treatment to the patient. The defendant essentially argues that CT Page 12114 a hospital or physician owes no duty to the family of patients, under any circumstances arising out of the treatment of the patient.
The issue for this court is: does the defendant, through its social work employee, owe a duty to the family of a patient of the Hospital? For the following reasons, the court finds that answer to the question to be "perhaps". Accordingly, the motion to strike must be denied.
All the case-law cited by the defendant addresses cases in which the plaintiffs were relatives of patients in medical establishments who sought to recover for damages as a result of treatment rendered to the patient[2]. See Zamstein v. Marvasti,240 Conn. 549, 692 A.2d 781 (1997) ((Court upheld the trial court's order striking certain negligence claims, finding that the defendant, a psychiatrist, who had been retained to evaluate the plaintiffs children as a result of claims of sexual abuse by the plaintiff, owed no duty to the plaintiff for falsely reporting that the plaintiff had sexually abused his children); Maloney v. Conroy,208 Conn. 392, 403, 545 A.2d 1059 (1988) (The plaintiff could not recover for claims of damages caused by watching the malpractice upon the plaintiffs mother by the defendant doctor); Bennett v. Conn. Hospice,Inc., 56 Conn. App. 134, 135-8 (1999) cert. denied 252 Conn. 938,747 A.2d 2 (2000)[3] (The Appellate Court held that the defendant owed no duty to the father of a patient, and upheld the lower court which had stricken the father's claim of negligence against the defendant for allegedly preventing the father from communicating with his family following the death of the defendant's patient, his daughter); Meehan v.Yale New Haven Hospital, Superior Court, judicial district of New Haven at New Haven, Docket No. CV 950320418 (March 12, 1996, Hartmere, J.) (The court struck the plaintiffs claims of negligence and medical malpractice because the plaintiffs children were being evaluated as a result of claims of sexual abuse. Thus, the court found that the defendant owed no duty to the plaintiff who was the accused abuser); and Anonymous v.Hospital, 35 Conn. Sup. 112, 114 (1979) (The Court held that the plaintiff, the husband of a patient of the defendant, was not owed a duty by the defendant doctor who was treating the plaintiffs wife; therefore his claim for emotional stress resulting from the defendant's treatment of the plaintiffs spouse failed). These cases stand for the proposition that "there can be no actionable negligence on the part of a physician where there is no physician-patient relationship" Citations omitted.Meehan v. YNHH, supra.
The typical cases involving allegations of medical negligence and malpractice brought by relatives involve physicians who are contracted to render medical care and services to individual patients. In those cases, CT Page 12115 the parameters are clear. The identity of the patient and the role of the medical provider are similarly clear. In those cases, the rule that "[i]n the context of medical malpractice, there can be no actionable negligence on the part of a physician where there is no physician-patient relationship"[4] is both logical and readily applicable.
The instant case, as now alleged in the amended pleading, presents a slightly different issue. First, the plaintiffs are no longer bringing their action against the hospital for direct medical negligence. There is no claim against a physician. Second, the treatment to the plaintiffs' decedent is no longer germane to the substance of the claims against the defendant.[5] No longer are the plaintiffs claiming a derivative duty to them, as third parties or bystanders, vis a vis the treatment rendered to their relative. In the amended complaint the plaintiffs are claiming that the hospital, through its agent and employee, owed a direct duty to them. Construing the pleadings in the light most favorable to the plaintiffs, they are now claiming that they were, in effect, clients of the defendant's agent. Admittedly, there is not direct authority for this claim within the case law in Connecticut. However, the case law does not explicitly prohibit this situation, either.
Certainly, it is not the law that a hospital owes no duty to visitors or non-patients. There are situations, albeit distinct from the one presented in the instant case, wherein a hospital, either directly, or through its agents, servants or employees, owes a duty to non-patients. See, e.g. Pajeski v. Hospital of St. Raphaels, Superior Court, judicial district of New Haven, Docket No. 970403670 (June 6, 1998, DeMayo, JTR) (Plaintiff, a non-patient, sued the hospital in a slip and fall action);Conway v. Manchester Memorial Hospital, Superior Court, judicial district of Hartford, Docket No. 92519009 (February 20, 1996, Schimelman, J.) (Hospital was sued by non-patient for slip and fall); and Prosco v.Servicemaster Industries, Superior Court, judicial district of New Haven, Docket No. 255264 (September 16, 1992, Zoarski, J.) (Plaintiff sued defendant Hospital for vicarious liability based upon the negligence of a Service Master employee which allegedly caused her fall).
There are also very limited situations in which a medical care providers owe duties to third party, non-patients. See e.g. Geremia v.Boyd, Superior Court, judicial district of Waterbury, Docket No. 000161877 (July 6, 2001, Holzberg, J.) (While striking the medical malpractice counts, the Court refused to strike plaintiffs' allegations of negligence which alleged that the defendant psychiatrist owed a duty to warn family members of the patient of the defendant's threats and potential violence); Johnson v. Kaiser Foundation Health Plan, Superior Court, judicial district of New Haven, Docket No. 91-031241 (May 18, CT Page 12116 1994, Gray, J.) (Plaintiff mother's claims that she sustained emotional distress while watching the malpractice upon her infant survived a motion to strike, because the court found that the defendant owed the mother an independent and direct duty).
The defendant would like for this court to substitute the title "social worker" for "physician" and apply the rules of Connecticut law that require a duty of a physician only to patients, not to relatives of family of patients. However, unlike the law surrounding physician's duties, there is no definitive case law describing the limits of the duties of social workers. Therefore, it is possible to find, and the standard of care might require, that a social worker owed a duty to a person, that is separate and distinct from the duty of a physician. Is the duty of the hospital social workers merely to the registered patients? or can they, under certain circumstances, owe a direct duty to the family of the patients, that is separate and distinct from their duties to the patient? Are the benefits of social work services to the families merely ancillary to the dispensing of the primary and direct duty rendered to patients? or are there situations under which a hospital contracts with its social workers to provide care to family of patients, in some or all medical circumstances? As there is no case law directly on point, the answer to these and other questions will require the development of evidence and will determine whether or not the plaintiffs' allegations ultimately fail or succeed.
Presumably, the duty of a social worker extends to patients or clients. The plaintiffs claim to be members of this group. The plaintiffs claim that because the hospital defines among the duties of the social workers providing assistance and guidance to family of patients, then the social worker owed a direct duty to the them. This court could not find any case law which prohibits placing relatives, such as the plaintiffs, within the group of potential clients of social workers. If the plaintiffs support this claim that they were, in fact, akin to clients of the social worker, then the defendant owed a duty to them. Therefore, the plaintiffs' Amended Complaint, as pled, should survive the motion to strike.
For this reason, the court denies the defendant's motion to strike.
 ___________________ Angela Robinson-Thomas, Judge