[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 119
This case arises from an automobile accident on April 14, 1999. Jose Diaz, a defendant, was driving on River Road in Shelton, Connecticut. (Revised Complaint, Count One, ¶ 3.) Diaz was driving a vehicle owned by the other defendant, Vereline Pickstone. (Revised Complaint, Count One, ¶ 3.) The plaintiff, Michael Alterio, was also operating his vehicle on River Road. (Revised Complaint, Count One, ¶ 2.)
Diaz allegedly rear-ended the plaintiff, causing him injury. (Revised Complaint, Count One, ¶¶ 5-8.) The complaint alleges that the Diaz was traveling too close, was operating at an excessive rate of speed, failed to keep his vehicle under control, failed to keep a proper lookout, failed to apply his brakes, and that he failed to turn his vehicle to avoid a collision. (Revised Complaint, Count One, ¶ 7.)
On July 11, 2000, the plaintiff filed a complaint against the two defendants. The plaintiff's revised complaint, filed on February 16, 2001, alleges both common law and statutory recklessness against the defendants.
On March 7, 2001, the defendants filed a motion to strike the second, third, fifth and sixth counts of the complaint. The second and third counts allege statutory recklessness and common law recklessness, respectively, against Diaz. The fifth and sixth counts allege statutory recklessness and common law recklessness, respectively, against Pickstone. The defendants argue that the plaintiff has failed to allege recklessness under General Statutes § 14-295 and common law recklessness. CT Page 9598
Legal Standard
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted." Bennett v. Connecticut Hospice,Inc., 56 Conn. App. 134, 136, 741 A.2d 349 (1999), cert. denied,252 Conn. 938, 747 A.2d 2 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) D'Amico v. Johnson, 53 Conn. App. 855, 859, 733 A.2d 855 (1999). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Bell v. Board of Education,55 Conn. App. 400, 404, 739 A.2d 321 (1999)
Recklessness Pursuant To § 14-295
The second count of the revised complaint alleges recklessness against Diaz under General Statutes § 14-295. The fifth count of the complaint alleges that Pickstone is liable for Diaz's reckless conduct because she is the owner of the car involved in the accident and that Diaz operated the car as Pickstone's agent pursuant to General Statutes § 52-183 and as a family car pursuant to General Statutes § 52-182. The defendants contend that the second and fifth counts are legally insufficient because the plaintiff has failed to "allege any facts that distinguish plaintiff's alleged reckless conduct from plaintiff's alleged negligent conduct as is required by a number of Superior Court decisions. . . ." (Motion to Strike, p. 1.)
Section 14-295 provides "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." The defendants argue that a plaintiff must plead specific acts and "the plaintiff must go beyond merely tracking the statutory language, and provide a sufficiently detailed recitation of facts demonstrating reckless conduct." (Defendants' Memorandum in Support of Motion to Strike, p. 4.)
Even though there is a split of authority on this issue, the court "has continued to affirm, its adherence to the principle that the plaintiff is required only to allege that the defendant deliberately or with reckless disregard violated one of the statutory provisions outlined in § 14-295
CT Page 9599 and that such violation was a substantial factor in causing the plaintiff's injuries. The plaintiff is not required to allege the elements for common law recklessness. . . . The court continues to adhere to this principle." (Citations omitted.) Erdman v. Dowdy, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360603 (March 29, 2000,Skolnick, J.)
The second count alleges that Diaz violated General Statutes §§14-218a and 14-222. He also alleges that Diaz "knowingly, deliberately and with reckless disregard operated the Chevy Van recklessly. . ." and that the conduct was a substantial factor in causing the injuries. (Revised Complaint, Count Two, ¶¶ 7 and 8.) The fifth count re-alleges these facts.
Therefore, the plaintiff sufficiently alleges recklessness under §14-295 and the motion to strike the second and fifth counts of the complaint is denied.
Common Law Recklessness
The third and sixth counts of the complaint allege common law recklessness against Diaz as the driver and Pickstone as the owner of the car. The defendants argue that the plaintiff has alleged an improper standard because the complaint uses the words "with knowledge that his conduct would involve [a] serious or [a] high degree [of] danger to others." (Plaintiff Memorandum in Support of Motion to Strike, p. 12.) The plaintiff asserts that because he has pleaded that Diaz operated the vehicle with excessive speed, despite his knowledge of the heavy traffic, the time of day, the speed of the other vehicles and the presence of a school bus that he has sufficiently pleaded reckless conduct.
"There is a substantial difference between negligence and willful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that willful or malicious conduct is being asserted. . . . Reckless misconduct is the same as wanton misconduct. . . . In the context of common-law tort actions, claims for wanton, willful, intentional, malicious and reckless conduct are indistinguishable. . . . In order to establish that the defendants' conduct was wanton, reckless, willful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts . . .[Such conduct] is more than negligence, more than gross negligence. . . . Reckless misconduct is highly unreasonable conduct, involving and extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Citations CT Page 9600 omitted; internal quotation marks omitted.) Medina v. Birts, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 366905 (November 14, 2000, Skolnick, J.)
The defendants have not applied an improper standard for recklessness. Connecticut decisional law has stated that recklessness "requires a conscious choice of a coarse of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614-15,539 A.2d 108 (1988). Moreover, though the plaintiff does not use the talismanic words "extreme departure from care", the court must look to whether the facts pleaded would sustain a claim of common law recklessness. Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375,378, 698 A.2d 859 (1997) ("The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action.")
The defendants also argues that "[i]n order to assert a claim for common law recklessness, a plaintiff must allege that a defendant's conduct not only created an unreasonable risk of probability that substantial harm would result to plaintiff.' See [Brock v. Waldron,127 Conn. 79, 84, 14 A.2d 713 (1940)]." (Defendants' Memorandum in Support of Motion to Strike, p. 13.) The court concludes that the plaintiff's allegations evence a high degree of probablility that substantial harm would result.
Brock v. Waldron is the only Connecticut Supreme Court decision that discusses the "high degree of probability" language. In Brock, the Connecticut Supreme Court discounted that speeding alone would amount to an allegation of recklessness. Brock v. Waldron, supra, 127 Conn. 84. The plaintiff, however, has pleaded hat Diaz was traveling at an excessive rate of speed, despite his knowledge of heavy traffic on the road, that it was during the morning commute, the speed of other vehicles and the presence of a school bus, which would make frequent stops. These allegation demonstrate that there was a high degree of probability of harm likely to result in injury. Accordingly, the court finds that the plaintiff has sufficiently pleaded common law recklessness and the court will not strike the third and sixth counts.
Section 14-295 only requires a pleading of the enumerated offenses, that the defendant engaged in those offenses recklessly and that the defendant's actions substantially contributed to the injury. The second CT Page 9601 and fifth counts of the revised complaint comport with these requirements. Moreover, the plaintiff has sufficiently pleaded facts that meet the legal standard for common law recklessness in the third and sixth counts of his revised complaint. Accordingly, the defendants' motion to strike is denied in its entirety.
SKOLNICK, Judge.